## DAVIS v. TEXAS BOILER & MACHINERY CO.

No. 15270.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 14, 1951.

Bonney, Paxton & Wade, Dallas, for appellant.

Harry I. Freedman, Dallas, for appellee.

HALL, Chief Justice.

Appellee Texas Boiler and Machinery Company sued appellant W. C. Davis, Sr., as a landlord for alleged damages due it by appellant for conversion of certain personal property located in appellant's building. Said building was occupied by a tenant, mortgagor of said property, Universal Gas Equipment Company. Appellee abandoned its suit to foreclose as mortgagee.

The case was tried to the court, which rendered judgment for appellee and against appellant for conversion of said personal property located in his building supra, in the sum of $2,224.79, plus interest thereon at the rate of six per cent per annum from June 24, 1948.

Appellant's three points are as follows:

1. "The Court should not have rendered judgment against the appellant for 6% interest from June 24, 1948 until paid, for the reason there was no allegation in the

Appellee's pleadings asking for interest as an item of damages."

2. "The Court should not have denied the Appellant or landlord his claim for four (4) months unpaid rent, for the reason all of the evidence in said cause showed a twelve (12) months rental agreement and four (4) months unpaid rent by said tenant to Appellant."

3. "The Court should not have rendered judgment against the landlord for conversion, for the reason the evidence was insufficient to support same, in that no date of conversion was alleged in the pleadings and no evidence that Appellant converted property belonging to the Appellee, for the reason said tenant was in bankruptcy and said property was in charge of said tenant or the Trustee in Bankruptcy at the time the Court held the conversion of said property occurred."

Facts are that the Universal Gas Equipment Company, which is not a party to this suit, was a tenant of appellant's during the year 1947 to December 1, under a written contract providing for monthly rental payments of $200. Appellant claimed a landlord's lien in the sum of $1,000, upon the personal property in question belonging to said Universal Gas Equipment Company stored in his building. This claim is based upon four delinquent monthly rents of $250 each, which accrued after said Universal Gas Equipment Company had filed its bankruptcy proceedings. After the termination of the written contract, said Universal Gas Equipment Company did begin to pay appellant $250 per month rather than $200 per month.

Appellee acquired a chattel mortgage upon the property involved on March 12, 1948. Said Universal Gas Equipment Company filed its petition in bankruptcy in the following month of April. Bankruptcy proceedings evidently were filed in the State of Kansas. The trustee abandoned the personal property involved in this lawsuit, which left its disposal to the creditors in Texas.

Appellant's contention in the trial court and here is to the effect that he and the tenant entered into an oral agreement providing that said tenant would lease said building for the year 1948 at $250 per month. Appellee's contention is and was that the rental contract between the parties was based upon a month to month rental.

The trial court denied appellant a landlord's lien against the property. It found him guilty of an act of converting same to his own use on or about June 24, 1948. From said date the trial court entered judgment against appellant for interest at the rate of six per cent, legality of which is questioned in his point one.

■ We find appellant's contention is correct in that the trial court erred while entering judgment for the legal rate of interest because appellee did not sue for same. Appellee contends it is entitled to the legal rate of interest as damages under its prayer for general relief. This contention we find is not tenable under the following authorities: 13 Tex.Jur., pp. 333–334; Id., pp. 254–260; 42 Tex.Jur., pp. 555–582. Appellee's judgment, however, is entitled to draw interest at the rate of six per cent per annum from date, to wit, February 2, 1951, until paid, under Article 5072, Vernon's Tex.Civ.St.

■ The trial court found upon conflicting evidence that the rental contract between appellant and the tenant, who owned the property in question, subject to appellee's mortgage, was upon a month to month basis. Such decision by the trial court is binding upon the appellate court.

■ We overrule appellant's third point because the evidence is sufficient to support a portion of the trial court's findings, in substance, that appellant did not enter into a new lease with the landlord for the year 1948 and therefore appellant had no landlord's lien against said property; appellant had possession and control over the property in question at the time he converted the same to his own use and benefit, even though appellee had made numerous demands of appellant for surrender and possession of the property; that the referee in bankruptcy disclaimed any interest in the property under question; appellant converted the property in question to his own use and benefit on June 24,

1948; the reasonable market value of said personal property so converted by appellant exceeded the amount due appellee by Universal Gas Equipment Company.

There is substantial evidence to support the trial court's judgment of the property's value and of its conversion by appellant.

Judgment of the trial court is reformed to the extent that the principal sum shall bear interest at the rate of six per cent per annum from date of judgment, to wit, February 2, 1951, until paid. In all other respects, judgment of the trial court is affirmed. Reformed and as reformed, affirmed.