The **TENNESSEE LIFE INSURANCE COMPANY, Appellant,**

v.

**Donald R. NELSON, Appellee.**

**No. 398.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 21, 1970.

Rehearing Denied Nov. 9, 1970.

Frank J. Cope, Houston, for appellant.

Harry L. Tindall, Brown & Haden, Houston, for appellee.

BARRON, Justice.

Donald R. Nelson brought this action against Tennessee Life Insurance Company for benefits under a group health and accident insurance policy containing substantially the following provisions:

"COMPREHENSIVE MEDICAL EXPENSE BENEFIT

"If you or one of your insured dependents incur expenses as indicated below as

a result of sickness or accidental bodily injury, the Company will pay:

"80% of the first $2,000.00 of expenses listed below which are in excess of the Deductible Amount specified in the Schedule of Insurance, and 100% of the remaining insured expenses:

\* \* \* \* \* \*

"(h) Expenses, as listed above, in connection with dental work or cosmetic surgery necessary for the repair of injuries caused by an accident occurring while insured."

Plaintiff also made claim for penalties and attorneys' fees under Article 3.62 of the Insurance Code of Texas, V.A.T.S.

The trial court submitted four special issues to the jury, and the jury found (1) that plaintiff did receive an injury to his mouth and teeth on May 15, 1965; (2) that the dental work performed on plaintiff was reasonable and necessary as a result of the accident; (3) that the reasonable and customary charge for the dental work performed was $3,473.00; and that a reasonable attorneys' fee in this case was $1,750.00. Defendant made no objections to the charge of the court, but it requested four special issues which were refused. The requested issues would have inquired whether Nelson suffered injury to four teeth in the accident; whether prior to the accident Nelson had had eleven teeth removed from his mouth; whether Nelson gave defendant demand under Art. 3.62 of the Insurance Code; and whether a 30-day written notice of the injury was given.

The trial court rendered judgment in favor of plaintiff for $3,023.00, plus 12% statutory penalty in the sum of $362.76, plus interest at the rate of 6% from the date that the claim was due and payable in the sum of $887.24, all for a total sum of $4,273.00. Plaintiff's attorneys were also allowed an attorney's fee of $1,750.00. Tennessee Life Insurance Company is appellant here.

The evidence shows that on May 15, 1965, plaintiff Donald R. Nelson was riding on his lawnmower when he lost control of the machine and received substantial injuries to his mouth. On May 18, 1965, plaintiff was seen by Dr. Roy W. Bell, a practicing dentist, in Houston, Texas. At that time it was determined that plaintiff had suffered fractures to approximately seven of his teeth, some of which would have to be extracted. Nelson had been a regular patient of Dr. Bell for some time preceding the date of his injury. Upon his visit to Dr. Bell's office he was advised that because of the particular location of the fractures to his teeth, it was recommended that he have a complete mouth restoration. Plaintiff followed his doctor's advice. The work was expensive and required several visits to the doctor's office.

Dr. Roy Bell testified that plaintiff had a good set of teeth prior to May 15, 1965. However, he felt that because of the location of the particular fractures received in the accident it was going to be necessary for him to have mouth restoration work in order to restore his mouth to a condition reasonably approximating its condition before May 15, 1965. The testimony shows that prior to the accident plaintiff had about ten teeth missing. It was further shown, however, that Nelson had bridgework completed in connection with his teeth, and that all gaps had been closed prior to the accident. Dr. Bell testified that appellee had a full set of teeth prior to May 15, 1965 either natural or replaced. He testified that plaintiff's remaining teeth were so damaged that it was necessary to splint the remaining teeth together and that it is more desirable to use fixed bridgework if possible, which the doctor did in this case. He further stated that all of this work was necessary to bring plaintiff's mouth back to a functioning organ as it was before the accident. The appellant rested its case without offering any witness.

■ Appellant contends that special issue number 2 fails to differentiate between

dental repair work and mouth restoration work, and that the policy does not cover mouth restoration work. Timely motion was made to disregard special issue number 2. The special issue inquired whether the dental work performed was reasonable and necessary. We overrule appellant's contention, and we hold that all of the testimony in this case shows that the dental work above referred to was necessary to bring plaintiff's mouth back to a functioning organ, and that plaintiff neither sought nor received additional dental work to improve his teeth or his condition as it was prior to the accident. Under special issue number 2, the jury had ample opportunity to allow for any "restoration" work which might have been done. We feel that the special issue was proper, and assuming without deciding that appellant correctly raised this objection, we overrule the contention.

■ Appellant further contends that appellee's petition does not allege a 30-day written demand being made upon appellant as required by Article 3.62 of the Insurance Code, and that no evidence was presented of a demand made upon appellant for the payment of the dental bill involved in this suit. Appellee's pleadings clearly prayed that appellant pay the benefits due, and in the absence of such payment that the appellant become liable for penalties and attorneys' fees. While the pleadings of appellee were somewhat general, they are sufficient to place appellant upon notice that claim was being made under the policy of insurance and that timely demand had been made. Appellant's remedy, if more detailed pleadings were desired, was by special exception. No exception was made to the pleadings. American Nat. Ins. Co. v. Hammond, 91 S.W.2d 432 (Tex.Civ.App.), writ dismd.

The record shows a letter dated April 20, 1966 addressed to John Clark, Supervisor of Employee Benefits for Coastal States Gas Producing Company, Nelson's employer, and signed by Ronald D. Lee, Supervisor, Group Claims Department of Tennessee Life Insurance Company, acknowledging that appellant had received a claim totaling $3,873.00, and stating that review of all the evidence had been made by the appellant's Dental Claims Committee. In that letter appellee's claim was denied by appellant. A copy of this letter was sent to appellee. Suit was filed in this case on March 14, 1967, and on March 23, 1967 appellant filed a general denial to plaintiff's petition which prayed for full recovery. On November 8, 1967, a letter was written to the attorney for appellant as follows:

"Dear Mr. Cope:

"I am interested in determining whether or not there are any possibilities of settlement in the above case. If you are interested in negotiating a settlement I would appreciate hearing from you at your earliest convenience.

"Whatever your position, I would like to be apprised of it so that I might inform my client and take whatever other steps are necessary to prepare this case for future disposition.

"Thank you in advance for your cooperation.

Sincerely,"

The letter was signed by the law offices of Horace F. Brown. There appeared to be no answer to such letter. Trial of this case began on February 2, 1970.

Article 3.62 of the Insurance Code of Texas has been construed by the courts of this state on numerous occasions. In 1943 the Supreme Court held that a plaintiff was not required to "demand" payment in so many words in order to invoke the statutory penalties, that firm and commanding language was not necessary, and that the language may contain only the customarily-used polite language of the day. The Supreme Court held that the only requirement is the assertion of the right under the

contract and a request for compliance therewith. The Court further said:

"It will be seen that the company recognized that a claim for payment had been filed, and it denied all liability under the policy. As said by this Court in Great Southern Life Insurance Co. v. Johnson, Tex.Com.App., 25 S.W.2d 1093, 1096:

'The company is not in position to assert that no demand for payment was made, because it treated the letter from plaintiff's attorney as a demand for payment.'"

See National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245, 247, (1943). As far back as 1932 the Commission of Appeals held that the demand for benefits could be made *after* the filing of the suit. Washington Fidelity Nat. Ins. Co. v. Williams, 49 S.W.2d 1093, 1094 (Tex.Com.App.1932). And see and compare Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98. The obvious purpose of Art. 3.62 of the Insurance Code is to give the insurance company a fair and ample opportunity to decide whether it will pay a claim before being charged with penalties and attorneys' fees. In line with the statutory purpose of this article, the courts have held that if a claimant or his attorney make offers to settle a claim, such will have given the insurance company the opportunity to make a decision on the claim and that this may in turn constitute sufficient compliance with Article 3.62. See Mid-Continent Life Ins. Co. v. Selmon, 16 S.W.2d 374 (Tex.Civ.App.), no writ. Under the circumstances, we decline to follow American Nat. Ins. Co. v. Collins, 149 S. W. 554 (Tex.Civ.App.1912), no writ. Appellant's contention is overruled, and we hold that demand under Art. 3.62, Insurance Code, was properly and timely made.

Appellant further contends that the trial court erred in permitting the inclusion of pre-judgment interest from some prior time to the date of the signed judgment in this case. The facts in this regard were not clearly developed. The judgment re-

cites that interest at the rate of 6% from the date on which the claim was due and payable in the sum of $887.24 was allowed by the court. The appellee's pleadings in this connection are as follows:

"WHEREFORE, PREMISES CONSIDERED, your plaintiff prays that the defendant insurance company be cited in terms of law to appear and to answer herein, and that upon the final trial hereof he have verdict and judgment against the defendant insurance company for his *damages as they may appear, together with interest on the amount of the judgment at the legal rate until paid,* his costs of court in this behalf expended, reasonable attorney's fees, 12% penalty as provided for by law for non-payment, and such other and further relief, both general and special, at law and in equity, to which he may show himself to be justly entitled to receive, and for which he will in duty bound ever pray." (Emphasis added).

■ While interest may be an element of recoverable damages, recovery of pre-judgment interest must have a basis in the pleadings. And we recognize the rule that a general prayer for relief will ordinarily be sufficient to permit recovery for pre-judgment interest. See Dunnam v. Dillingham, 345 S.W.2d 314 (Tex.Civ.App.), no writ. To say the least, the pleadings in this case are somewhat vague on this question, but we believe that the phrase, "together with interest on the amount of the judgment at the legal rate until paid," is readily subject to the construction that a specific prayer was made for interest on the judgment at the legal rate as in the ordinary case. See Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S.W. 1103, 1105; 17 Tex.Jur.2d, Sec. 200, pp. 266–267. A prayer for general relief will not authorize a judgment inconsistent with the specific relief sought. San Antonio & A. P. Ry. Co. v. Collins, 61 S.W.2d 84, 90 (Tex. Com.App.). We sustain appellant's point of error and hold that interest under this record is allowable only from the date of

judgment, February 16, 1970. Pereira v. Gulf Electric Company, 343 S.W.2d 334, 336 (Tex.Civ.App.), writ ref., n. r. e.; City of Corpus Christi v. McMurrey, 145 S.W. 2d 664, 667 (Tex.Civ.App.), writ dismd. judgm. cor.; Davis v. Texas Boiler & Machinery Co., 242 S.W.2d 647, 648 (Tex. Civ.App.), no writ.

Appellant also complains that the trial court allowed introduction of exhibits after the rendition of a judgment in this jury case. While the action of the court might be error under the circumstances, if there was any such error it became harmless, because there was ample evidence to support the judgment of the trial court. None of the questioned exhibits have been considered here with the exception of a letter dated November 8, 1967, which was properly proven and in evidence before the case was submitted to the jury. All of appellant's remaining contentions are overruled.

The judgment of the trial court will be reformed to eliminate interest at the rate of 6% per annum prior to February 16, 1970. As so reformed the judgment of the trial court is affirmed.

TUNKS, C. J., did not participate in this Opinion.