**CITY OF GALVESTON, Appellant,**

v.

**Frank RUSSO et al., Appellees.**

**No. 898.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1974.

Rehearing Denied May 8, 1974.

See also 508 S.W.2d 886.

Robert V. Shattuck, Jr., Acting City Atty., Preston Shirley, Russell B. Serafin, Mills, Shirley, McMicken & Eckel, Galveston, for appellant.

James R. Watson, Jr., Chris Dixie, Dixie, Wolf & Hall, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit by firemen of the City of Galveston to recover additional wages for temporary duty in higher paying job classifications.

Frank Russo, W. D. Isbell, and Genoice Walker brought this suit for themselves and as a class action against the City of Galveston (the City). The plaintiffs are firemen who have been assigned from time to time to duty in a higher paying job classification when a regular employee is on vacation or sick leave. This temporary duty is called "acting time." They seek to recover the additional pay for this duty. After trial to the court, the trial court entered judgment that the individual plaintiffs recover specified amounts. The City has appealed.

The fire-fighting firemen of the City of Galveston are divided into the following classifications, with the following minimum pay: Fire-fighter—$2.32 per hour, Driver—$2.48 per hour, Lieutenant—$2.62 per hour, Captain—$2.76 per hour, Assistant Chief—$3.04 per hour. It is admitted by

the City that from time to time firemen are assigned to fill the position of someone in a higher classification. It is the City's position that such temporary assignment requires a pay increase only when there is a vacancy in the position filled. These positions are created by the City under authority of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1269m (1963), which creates firemen's and policemen's civil service in cities with a population over 10,000. The Galveston City Council regulates the number of firemen by ordinance, and it is clear from the evidence that no vacancies now exist or have existed in the temporarily filled positions which are the subject of this suit.

Plaintiffs based this suit on two statutory provisions. Tex.Rev.Civ.Stat.Ann. art. 1269m, sec. 8 (1963) provides in part as follows:

> No classification now in existence, or that may be hereafter created in such cities, shall ever be filled except by examination held in accordance with the provisions of this law. All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority pay that he may be entitled to. This shall not prevent the Head of such Department from designating some person from the next lower classification to fill a position in a higher classification temporarily, but any such person so designated by the Head of the Department shall be paid the base salary of such higher position plus his own longevity pay during the time he performs the duties thereof.

In addition, Vernon's Tex.Penal Code Ann. art. 1583–2, sec. 3 (Supp.1972) [1] provides:

> Provided further, that all municipal governments affected by this Act, shall, within thirty (30) days following enactment, set up classifications in Police and Fire Departments providing for duties under such classifications and specifying

salary for each classification; and thereafter any member of any Fire and Police Department who is called upon to perform the duties under any such classification shall be paid the salary provided therefor for such period as he performs such duties.

■ Appellant challenges the jurisdiction of this Court and the trial court to hear an action based on provisions of the Penal Code. In the first place, the Supreme Court has held that Article 1583 of the Penal Code authorizes a civil action by necessary implication. Austin Fire & Police Departments v. City of Austin, 149 Tex. 101, 228 S.W.2d 845 (1950). In the second place, this suit was also based on Article 1269m, sec. 8 of Tex.Rev.Civ.Stat. Ann. The jurisdictional challenge is therefore overruled.

■ Appellant next argues that the trial court's findings of fact were based on no evidence or, in the alternative, insufficient evidence. We overrule these contentions. There is sufficient evidence to show that the named plaintiffs are classified employees of the Galveston Fire Department and that they have been assigned to higher classifications from time to time without receiving higher pay. This fact is established by the list, stipulated to by the City, showing the names and amounts due each fireman for the temporary duty. The findings as to amounts due each plaintiff were a matter of stipulation and are not subject to an evidentiary challenge. Appellant's points three through eight and thirteen and fourteen are overruled.

■ Appellant challenges the applicability of both statutes and the very existence of Article 1583–2, sec. 3. Turning first to Article 1269m, sec. 8, we hold that the critical language is *not* limited to the situation in which a vacancy exists. It *is* included in a section concerning the filling of va-

---

1. This section has been transferred to the civil statutes as Tex.Rev.Civ.Stat.Ann. art. 1269q, sec. 3 (Supp.1973), by authority of

Tex.Laws 1973, ch. 399, sec. 5, at 995, enacting the new Texas Penal Code.

cancies, but its applicability is not so limited. It merely states that the civil service requirements for promotion will not interfere with temporary duty assignments. This is clear from the language immediately following the previously quoted text: "The temporary performance of the duties of any such position by a person who has not been promoted in accordance with the provisions of this Act shall never be construed to promote such person."

■ The above holding makes it unnecessary to analyze the language of Article 1583–2, sec. 3, or to determine whether that section was repealed in 1953. Points nine through twelve are overruled. Any error in rendering judgment based on Article 1583–2, sec. 3 is harmless because of the alternative basis of Article 1269m, sec. 8, and point nineteen is therefore overruled. Texas Rules of Civil Procedure, rule 434.

■ Appellant's final contention is that the trial court improperly granted prejudgment interest. We do not agree. When the measure of damages is determinable at the time of injury, interest is properly awarded from that date. Davidson v. Clearman, 391 S.W.2d 48 (Tex.Sup.1965). The recovery of prejudgment interest must have a basis in the pleadings, but a general prayer for relief will ordinarily be sufficient. Tennessee Life Insurance Company v. Nelson, 459 S.W.2d 450, 454 (Tex.Civ. App.—Houston [14th Dist.] 1970, no writ). In the Tennessee Life case, this Court held that the prayer for "damages as they appear, together with interest on the amount of the judgment at the legal rate until paid" was not sufficient to recover prejudgment interest. The Court reasoned that this prayer for special relief would override the general prayer.

■ In the present case there is a special prayer for interest, but it is not limited by reference to the judgment. The prayer seeks judgment for "pay due . . .; an attorney's fee . . .; for interest at the legal rate; . . . " and concludes with a prayer for general relief. We hold that this prayer for interest supports an award of prejudgment interest. Further, we hold that this is an appropriate case for such an award. *See* Womack Machine Supply Co. of Houston v. Fannin Bank, 504 S.W.2d 827 (Tex.Sup.1974). The injury to each class member occurred on each pay day he was not compensated for acting time in the previous pay period. This was a liquidated amount on the date of each injury. Appellant complains that the court awarded the interest from the end of each fiscal year in which acting time was served. It would have been proper to award the interest from the date of each pay day on which the additional wages were due. The court's judgment orders the interest to be computed from a later date and therefore has benefited rather than harmed appellant.

■ Appellant has failed to point out that the judgment adjudges costs against the City and directs that execution issue for their collection. Public policy prohibits the levy of execution against a political subdivision of the state in the performance of governmental functions. National Surety Corp. v. Friendswood Ind. School Dist., 433 S.W.2d 690, 694 (Tex. Sup.1968); City of Houston v. Hamons, 496 S.W.2d 662, 665 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.). Further, this is fundamental error and must be noted regardless of appellant's failure to point it out. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 983 (1947).

All of appellant's points have been considered and are overruled. The judgment is modified to eliminate the order of execution for costs and, as modified, is affirmed.