**TEXAS INDUSTRIES, INC., et al, Appellants,**

v.

**Randall Wade LUCAS, Appellee.**

**No. C14–81–2903–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 5, 1986.
Rehearing Denied Aug. 14, 1986.

Brian M. Chandler, Royal H. Brin, Jr., Houston, for appellants.

John C. Werner, W. James Kronzer, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

The supreme court remands this personal injury action to this Court for determination of whether the evidence is sufficient to

support jury findings that appellant Everman Corporation was negligent in advising its subcontractor Precast Corporation that only 1¼ inch rigging equipment was necessary for the construction job and that such negligence was a proximate cause of the accident.

Appellee moved to dismiss this appeal on the grounds that appellant's point of error constituted a no evidence point whereas the supreme court remanded the case to this court for consideration of an insufficiency of the evidence point. Appellee claims that because this Court may consider only the point or points specifically remanded and because the supreme court has already decided the no evidence point briefed by appellant on remand, we are without authority to consider appellant's arguments and must dismiss this appeal. We disagree with appellee's contentions.

In appellant's brief submitted to this Court in the previous appeal of this case, appellant properly preserved the insufficiency of the evidence point in points of error four and five. On remand we are entitled to consider all briefs submitted by the parties. Appellant's insufficiency of the evidence point of error is properly before us. Furthermore, as appellee conceded in oral argument, in light of the Texas Supreme Court opinion on motion for rehearing in *Pool v. Ford Motor Company*, 715 S.W.2d 629, 29 Tex.Sup.Ct.J. 30 (Apr. 5, 1986), since the proper error is apparent from a reading of appellant's brief on remand, we must consider the insufficiency point. Appellee's motion to dismiss is overruled.

In our original opinion, *Texas Industries, Inc. v. Lucas*, 634 S.W.2d 748 (Tex.App.—Houston [14th Dist.] 1982), *reversed Texas Industries, Inc. v. Lucas*, 696 S.W.2d 372 (Tex.1985) we held there was no evidence that Everman was negligent in advising Precast employees that 1¼" rigging equipment was all that was necessary to do the job.

The supreme court held there was some evidence that Everman was negligent in giving that advice and charges us on remand to determine whether the evidence is sufficient to support the jury finding of negligence on Everman's part.

The pertinent special issues and jury findings read as follows:

Special Issue No. 14—Do you find from a preponderance of the evidence that prior to the occurrence in question, employees of EVERMAN CORPORATION advised employees of PRECAST ERECTORS, INC., that 1¼" rigging equipment was all that was necessary for the job?
Answer—*We do.*

If you have answered Special Issue No. 14 "We do," and only in that event then answer:

Special Issue No. 15—Do you find from a preponderance of the evidence that such advice was negligence?
Answer—*We do.*

If you have answered Special Issue No. 15 "We do," and only in that event then answer:

Special Issue No. 16—Do you find from a preponderance of the evidence that such advice was a proximate cause of the occurrence in question?
Answer—*We do.*

Appellee's injury occurred when the rigging used to lift a concrete beam off a truck failed. The beam fell on appellee's leg. The beam had been manufactured by Texas Structural Products, Inc., a subsidiary of Texas Industries, Inc. (TXI). According to the plans and specifications furnished by Everman to the TXI subsidiary, each beam was supposed to have two types of lifting inserts. The edge inserts were to be 1¼ inch and the face inserts were to be 1 inch in diameter. The rigging consisted of bolts and bell rings. A bolt was placed through a bell ring and screwed into the insert in the beam. A crane would then be secured to the bell ring eyeholes by use of cables. The beam would then be lifted from the truck.

When the beam that caused the accident arrived at the job site, Precast discovered it had only 1 inch inserts. The organization of the job site made it necessary to unload

this beam before work could proceed. Precast did not have the 1 inch rigging equipment needed to move the beam. The workmen tried to improvise by using a 1 inch bolt with a 1¼ inch bell ring. Unfortunately the weight of the beam sheared off the end of the bolt causing the bolt to slip through the bell ring and the beam to fall on appellee.

Appellee's recovery against Everman was based on the jury finding Everman had been negligent in advising Precast that only 1¼ inch rigging equipment was needed for the job.

Before the job began Precast foreman W.A. Lucas, father of appellee, met several times with Everman's representatives to determine what equipment Precast would need to take to the job site. Lucas testified that he looked at a full set of plans and specifications, that all the plans called for 1¼ inch edge inserts, that he took Everman's word that the beams would have only 1¼ inch edge inserts, and that Everman told him every piece of precast would be shipped with 1¼ inch edge inserts.

Charles Ray Rice, Precast's supervisor in charge of erection at the job, testified that he had no idea 1 inch materials would be used on the job, that contractors normally take only equipment required by specifications to a job site, that it would be a practical impossibility to carry equipment not required by the plans and specifications to a job, that W.A. Lucas had told him only 1¼ rigging equipment would be needed, and that the beam would not have posed a problem if he had known beforehand that 1 inch equipment would be needed.

Everman's president Earl Haley testified that Everman shipped the beams flat and expected the erector would use the 1 inch face inserts, rather than the 1¼ inch edge inserts to lift the beams.

▉ We find the evidence set forth above sufficient to support the jury findings that Everman was negligent in advising Precast that only 1¼ inch equipment would be needed and that such negligence was the proximate cause of the accident.

Lucas testified that he was told only 1¼ inch equipment would be needed. The plans and specifications called for 1¼ inch edge inserts. Rice testified that if the proper 1 inch equipment had been available, the accident could have been avoided. Everman's president stated Everman expected the beams to be lifted with the 1 inch face inserts rather than the 1¼ inch edge inserts. If Everman expected the 1 inch face inserts to be used, then Everman clearly misinformed Precast in stating that only 1¼ inch equipment was needed on the job. Although not overwhelming, the evidence is sufficient to support the jury finding of negligence on Everman's part. We overrule appellant's points of error four and five of its original brief and its single point of error in its brief filed on remand.

In the trial court appellee had been awarded a judgment against Texas Industries, Inc. and Everman Corporation, jointly and severally in the amount of $1,913,-450.94. On the previous appeal to this court, appellee filed a remittitur of $344,-316.60 leaving the net amount of $1,569,-134.34 awarded to appellee. We now render judgment in favor of appellee against Everman Corporation in the sum of $1,569,-134.34, together with interest thereon at the rate of 9% per annum from April 4, 1981 until fully paid.

Also in the trial court United States Fire Insurance Company was awarded a judgment against Texas Industries, Inc. and Everman Corporation, jointly and severally, in the amount of $60,584.34, together with interest thereon at the rate of 9% per annum from April 4, 1981 until fully paid. That judgment, as against Everman Corporation, is affirmed.

Also in the trial court the law firm of Werner & Rusk was awarded a judgment against Texas Industries, Inc. and Everman Corporation, jointly and severally, in the amount of $25,964.72, together with interest thereon at the rate of 9% per annum from April 4, 1981 until fully paid. That judgment, as against Everman Corporation, is affirmed.

## OPINION ON MOTION FOR REHEARING

Both appellant Everman Corporation and appellee Randall Wade Lucas have filed motions for rehearing.

Appellee's motion complains of this court's failure to award prejudgment interest. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985) created a new prejudgment interest rule applicable to all future cases as well as those still in the judicial process involving wrongful death, survival and personal injury actions. Appellee argues this case is one still in the judicial process within *Cavnar* and therefore he is entitled to prejudgment interest.

For the reasons set forth below we hold appellee is not entitled to prejudgment interest.

In the trial court appellee's third amended original petition contained a prayer for "judgment of the defendants, jointly and severally, for his damages as alleged herein, for interest on such judgment at the legal rate, for costs of court, and for such other and further relief to which he may show himself justly entitled."

The following elements of damages were alleged in said petition: past and future physical pain and mental anguish, loss of earnings and earning capacity, medical expenses and disfigurement. The petition contains no allegation of any right to prejudgment interest as damages.

After the jury verdict was returned, appellee moved for judgment on the verdict without in any way requesting an award of prejudgment interest. Following the trial court's rendition of judgment with postjudgment interest only, appellee made no request of the trial court that the judgment be modified to include prejudgment interest. On appeal to this court in 1981 appellee's brief contained cross-points of error, but none complaining of the trial court's failure to award prejudgment interest. This court issued its opinion and judgment on April 15, 1982. After motions for rehearing were overruled, applications for writ of error to the supreme court were filed. At no time prior thereto was any request made to this court for prejudgment interest.

While the case was pending in the supreme court, no request was made for an award of prejudgment interest. On July 11, 1985 the supreme court remanded the case to this court for "determination of factual sufficiency" of the evidence to support the jury findings of negligence against Everman Corporation.

Following remand of the case to this court, both parties filed briefs addressing the one point on which the supreme court remanded to this court. Appellee's brief, filed January 13, 1986, made no claim for prejudgment interest. On February 17, 1986 appellee requested prejudgment interest by letter from appellee's attorney. The case had been on file since February 17, 1977, and this letter raised the issue of prejudgment interest for the first time.

If appellee properly sought prejudgment interest in the trial court and properly preserved his right thereto throughout the subsequent proceedings, he would be entitled to prejudgment interest at this time under the supreme court's decision in *Cavnar*.

Before *Cavnar* the law in Texas was clear that where prejudgment interest is sought at common law as an element of damages, the plaintiff must plead for it. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109 (Tex.1978); *Black Lake Pipe Co. v. Union Construction Co.*, 538 S.W.2d 80 (Tex.1976). *Cavnar* did not change the general requirement that there be pleadings to support an award of prejudgment interest. *Bilderback v. Priestley*, 709 S.W.2d 736 (Tex.App.—San Antonio 1986, writ pending); *Merit Drilling Company v. Honish*, 715 S.W.2d 87 (Tex. App.—Corpus Christi 1986); *Ford Motor Company v. Durrill*, 714 S.W.2d 329 (Tex. App.—Corpus Christi, 1986); *De Soto v. Matthews*, 714 S.W.2d 133 (Tex.App.— Houston [1st Dist.] 1986).

In this case appellee's trial pleading was for judgment for his damages as al-

leged in his petition, for interest on such judgment and for general relief. The prayer for interest on the judgment is a prayer for post-judgment interest, not prejudgment interest. *DeSoto v. Matthews, supra; Tennessee Life Insurance Company v. Nelson,* 459 S.W.2d 450 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). *See also City of Galveston v. Russo,* 508 S.W.2d 882 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

■ Appellee's prayer for general relief is clearly insufficient by itself to support an award of prejudgment interest. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth, supra; B.A. Mortgage Co. v. McCullough,* 590 S.W.2d 955 (Tex.Civ.App.—Fort Worth 1979, no writ). Furthermore, the prayer for general relief will not authorize prejudgment interest where there is a prayer for interest on the judgment followed by a prayer for general relief. A prayer for general relief will not authorize a judgment inconsistent with the special relief sought. *Tennessee Life Insurance Company v. Nelson, supra.*

For the foregoing reasons we hold appellee's pleadings will not support an award of prejudgment interest.

■ There are additional reasons why appellee is not entitled to prejudgment interest in this case. Even if his pleadings had been sufficient, he has waived any claim for prejudgment interest by failing to preserve his point of error. *Washington v. Walker County,* 708 S.W.2d 493 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r. e.); *Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d 761 (Tex.App.—Houston [1st Dist.] 1986, writs pending).

In *Washington v. Walker* the appellant had requested prejudgment interest in the trial court but failed to bring forth a point of error regarding prejudgment interest in his original brief in the appellate court. On motion for rehearing for the first time he presented to the appellate court his claim for prejudgment interest. The court held

the request for prejudgment interest came too late to be considered.

In *Houston Lighting & Power Company v. Reynolds* the court of appeals on motion for rehearing stated the question of prejudgment interest was not presented to the trial court and was not presented to the appellate court by cross-point in the briefs filed prior to submission of the cause. The court of appeals denied the requested prejudgment interest, stating that it lacked authority to reform the judgment of the trial court on a point of error presented for the first time in a motion for rehearing.

In *Allright, Inc. v. Pearson,* 711 S.W.2d 686 (Tex.App.—Houston [1st Dist.] 1986, writ pending) relied on by appellee, an original opinion was issued by the First Court of Appeals on January 16, 1986. While motion for rehearing was pending, Pearson filed a motion to reform the judgment to allow prejudgment interest. On motion for rehearing the original opinion was withdrawn and a new opinion was issued on April 24, 1986. In that opinion the appellate court summarily granted the motion to reform the judgment. The court did not address any question concerning sufficiency of pleadings, request for prejudgment interest in the trial court, or Pearson's cross-point of error on appeal. There is no indication in the opinion Pearson had raised the prejudgment interest claim at any time before the motion to reform the judgment.

In our opinion *Allright, Inc. v. Pearson* is in conflict with the same court's decisions in *Washington v. Walker County, supra,* and *Houston Lighting & Power Company v. Reynolds, supra,* with respect to the necessity of preserving a point of error on appeal. It is also in conflict with the same court's decision in *DeSoto v. Matthews* as to adequacy of the pleadings to support an award of prejudgment interest. The opinion on motion for rehearing in *Allright, Inc. v. Pearson* does not refer to trial pleading, but Lucas has furnished this court with a copy of said trial pleading. That pleading contained a prayer for a judgment for plaintiff's damages and "that plaintiff have interest on the judgment as

provided by law," followed by a prayer for general relief. In *DeSoto v. Matthews, supra,* the court held a prayer "for interest on said judgment at the legal rate" is a prayer for post-judgment interest only and would not support an award of prejudgment interest. In our opinion *Washington v. Walker County, supra,* and *Houston Lighting & Power Company v. Reynolds, supra,* were correctly decided and we elect to follow those decisions.

Appellee argues he has not waived his claim to prejudgment interest because he presented his claim "even before submission" of this case. The facts, however, are that the submission appellee refers to is the last submission to this court, after the case had gone completely through this court the first time and completely through the supreme court. It was only on remand to this court that appellee first raised the prejudgment interest claim. We hold this was too late.

There is a final reason for denial of appellee's prejudgment interest claim. The supreme court remanded this case to this court for the limited purpose of passing on the sufficiency of the evidence to support jury findings of negligence on the part of Everman Corporation. Appellee's claim for prejudgment interest is not within the scope of the remand to this court. For this additional reason this court is precluded from awarding prejudgment interest.

Appellee's motion for rehearing is overruled.

Appellant Everman Corporation's motion for rehearing presents nothing new and is overruled.