ECTOR COUNTY, Ector County Commissioner's Court, Jack Crider, Bryan Henderson, Ricky Jorgensen, Bob Bryant and Jim T. Jordan, Relators,

v.

Hon. Tryon D. LEWIS, Judge, 161st Judicial District Court, Ector County, Texas, Respondent.

No. 08–90–00345–CV.

Court of Appeals of Texas, El Paso.

Feb. 5, 1992.

---

Richard Bonner, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for relator.

Will Hadden, Odessa, for respondent.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

In this original proceeding, the members of the Commissioners Court of Ector County seek a Writ of Mandamus directed to the judge of the 161st District Court of Ector County in order to be discharged from an order directing the Relators to set a reasonable salary and office and travel expenses for the Office of Constable of Ector County. The Writ is denied.

### Facts

Joe W. Hill, the real party in interest, filed suit seeking to recover a reasonable salary and expense for services rendered as the Constable of Precinct 4 during the period from January 1, 1985 to June 30, 1989. We have this date determined that Mr. Hill is entitled to a judgment for money damages based upon the trial court's findings of fact as to a reasonable salary. *Hill v. Ector County,* 825 S.W.2d 180 (Tex.App.— El Paso, 1992, n.w.h.). Hill also sought a Writ of Mandamus ordering the Commissioners Court to set a reasonable salary and expense allowance for services rendered in the future. The trial court granted the petition and ordered the members of the Ector County Commissioners Court to set a reasonable salary and travel and office expense for the Office of Constable Precinct 4 for the fiscal year 1989–90. Pursuant to the order, the Commissioners Court doubled the salary to $2,400.00 per year, set office expenses at $1,200.00 per year, set travel expenses at $600.00 per year and allowed certain amounts for fringe benefits. The County then sought to be discharged from the Writ of Mandamus. The trial court found that the members of the Commissioners Court should be discharged as to all items except the salary and set the matter for further hearing. At that time, the original proceeding was filed in this Court and relief was sought from the trial court's order.

### Standard of Review

■ In a mandamus proceeding, the standard of review is abuse of discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985, orig. proceeding). An abuse occurs when the court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985).

### Application of Standard

■ In this case, the Commissioners Court, in response to the trial court's order, doubled the constable's salary and raised it to $200.00 per month and provided an allowance for office expense, travel and fringe benefits. The trial court found all of the provisions except for the salary were adequate.

In *Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex.1981), the Court, after quoting from Article XVI, Section 61 of the Texas Constitution which requires commissioners courts to compensate constables, said:

> The constitutional provision clearly mandates that constables receive a salary.... Furthermore, we conclude that the commissioners court must set a reasonable salary. While a reasonable sala-

ry would be a determination for the commissioners court, Vondy is entitled to be compensated by a reasonable salary.

620 S.W.2d at 108–109.

The Court, while recognizing that the setting of a reasonable salary involved some degree of discretion, held that a commissioners court may not act arbitrarily in its decision.

After the reversal in that case, the commissioners court set a salary of $40.00 per month and sought to be discharged from the order of mandamus previously issued by the trial court. The trial court held a hearing and discharged the commissioners court. On appeal, the San Antonio Court of Appeals held that the members of the commissioners court, because of their request for discharge, had the burden of proving that the salary that they set was reasonable. The Court found that there was no evidence in the record supporting the implied finding that the salary set was reasonable. *Vondy v. Commissioners Court of Uvalde County*, 714 S.W.2d 417 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

Likewise, in the case at bar, the record reflects that the only showing before the trial judge was that at a special meeting of the Ector County Commissioners Court on October 26, 1990, a motion was passed to increase the salary to $2,400.00 annually and to provide other listed amounts for expenses and fringe benefits. The duties of a constable are set forth in Tex.Local Gov't Code, § 86.021 (Vernon Supp.1992) and were discussed at some length in our opinion in *Bomer v. Ector County Commissioners Court*, 676 S.W.2d 662 (Tex. App.—El Paso 1984, writ ref'd n.r.e.). In 1989, those duties were expanded to authorize service of civil process in a county contiguous to the constable's county. At the current minimum wage of $4.25 per hour, a person working 20 hours a week would earn $340.00 a month or approximately one and one-half times the salary set for this constable.

There is no showing that the trial court abused its discretion in failing to discharge the members of the Commissioners Court from the order to set a reasonable salary for the Constable of Precinct 4. The Petition for Writ of Mandamus is denied.