Joe W. HILL, Appellant,

v.

ECTOR COUNTY, et al., Appellees.

No. 08–91–00023–CV.

Court of Appeals of Texas,
El Paso.

Feb. 5, 1992.

Rehearing Overruled March 4, 1992.

Will Hadden, Odessa, for appellant.

Richard Bonner, Joel B. Locke, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

OSBORN, Chief Justice.

This suit was filed by a constable to obtain compensation and expenses from the county for services rendered in the performance of his duties for a period of 54 months. The trial court determined that it was without jurisdiction to set a reasonable salary and denied the relief sought, although the court did make findings as to what would be a reasonable salary for the services rendered. We reverse and remand.

*Facts*

Joe Hill is Constable of Precinct 4 in Ector County. Commencing on January 1, 1985, he received a salary of $20.00 per month for a period of 45 months and thereafter he was paid $100.00 per month. In August 1989, he filed suit in district court for additional reasonable compensation for that four and one-half year period, plus expenses and attorney's fees. He also sought a Writ of Mandamus to require the Ector County Commissioners Court to set reasonable compensation and normal fringe

benefits in the future for his services as constable.

Following a bench trial, the court entered a take-nothing judgment as to past benefits on the basis that the court was without jurisdiction to set a salary, but holding that mandamus was the proper remedy to require a reasonable salary and expenses in the future. Although a monetary recovery was denied, the court found that a reasonable salary for the period in question was $1,500.00 per month and prejudgment interest on that amount of $17,603.13. The total indebtedness established by Mr. Hill, after allowing a credit of $1,800.00 previously paid, was $96,803.13.

In eleven points of error, the Appellant asserts the trial court erred in holding that it had no jurisdiction to enter a money judgment and in denying recovery for the reasonable salary and expense, plus attorney's fees.

### Jurisdiction

■ The principal issue in this case is whether a trial court may award money damages for services rendered by a public official where the court finds that the public official was entitled to a reasonable salary and expenses and that amount has not been paid in the past.

In *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981), the Court, in an appeal from a mandamus action, after quoting from Article XVI, Section 61 of the Texas Constitution which requires commissioners courts to compensate constables, said:

> The constitutional provision clearly mandates that constables receive a salary.... Furthermore, we conclude that the commissioners court must set a reasonable salary. While a reasonable salary would be a determination for the commissioners court, Vondy is entitled to be compensated by a reasonable salary.

620 S.W.2d at 108–109.

Upon remand, the trial court issued the writ of mandamus ordering the commissioners court to set a reasonable salary and to extinguish the debt owed *Vondy* by virtue of his having held the office of constable. The commissioners court set a salary of $40.00 per month and tendered $960.00 in the registry of the court. The trial court then discharged the appellees from the writ. On further appeal, a divided court found that the amount set was unreasonable as a matter of law and remanded the case with instructions that the appellees not be discharged from the writ until a reasonable salary was set. *Vondy v. Commissioners Court of Uvalde County*, 714 S.W.2d 417 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). In this case, the court dealt with the question of whether a minimal salary was a reasonable salary and whether the district court could set a "reasonable salary" upon finding the salary set by the commissioners court to be unreasonable as a matter of law.

Clearly, in a mandamus action before the trial court, it is the commissioners court and not the trial court which must decide what is reasonable. However, as this Court noted in *Bomer v. Ector County Commissioners Court*, 676 S.W.2d 662 (Tex.App.—El Paso 1984, writ ref'd n.r.e.), a mandamus suit "is not one to collect for work being performed or services being rendered or for such work and services rendered in the past." Id. at 664. The present suit does not seek to have a reasonable salary set by the commissioners court, instead it seeks to have the district court render a judgment for services rendered in the past, and the standard by which to determine the amount due is "a reasonable salary."

In *Farmers State Bank of New Boston v. Bowie County*, 127 Tex. 641, 95 S.W.2d 1304 (1936), the Court, in answer to certified questions, said a district court had jurisdiction to decide the amount of debt owed by a county on warrants issued to deputy tax assessors. The appellate court rejected an attack on the trial court's jurisdiction in *Mokwa v. City of Houston*, 741 S.W.2d 142 (Tex.App.—Houston [1st Dist.] 1987, writ denied). In that case, a police officer sought to recover back pay from the city for services rendered in a job classification at a higher pay rate than her regular job classification. Similarly, in

*City of Galveston v. Russo*, 508 S.W.2d 882 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.), a fireman sought to recover additional wages for temporary duty in higher paying job classifications. The jurisdictional challenge was overruled. We conclude the trial court had jurisdiction to consider this suit for a debt alleged to be owed based upon evidence as to what would have been a reasonable salary and necessary expense for the services rendered during the period in question. We sustain Points of Error Nos. One through Four.

### Amount of Recovery

The trial court made findings of fact as to a reasonable salary for the period of time in question in this case. There is no attack upon those findings. The fact that Mr. Hill served as constable during the period of time in question and accepted pay of a lesser amount does not estop him from receiving the amount the court found to be a reasonable salary. *Douthit v. Ector County*, 740 S.W.2d 16 (Tex.App.—El Paso 1987, writ denied); *Broom v. Tyler County Commissioners Court*, 560 S.W.2d 435 (Tex.Civ.App.—Beaumont 1977, no writ). We sustain Points of Error Nos. Five and Six and hold that Appellant was entitled to recover judgment in the amount of $81,000.00 as a reasonable salary for 54 months based upon the trial court's finding, less the sum of $1,800.00 previously paid.

### Prejudgment Interest

The trial court found the amount of prejudgment interest to be $17,603.13. There is no attack upon that finding. When the measure of damages is determined at the time of injury, interest is properly awarded from that date. *Missouri–Kansas–Texas Railroad Company v. Fiberglass Insulators*, 707 S.W.2d 943 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *City of Galveston*, 508 S.W.2d 882. We sustain Point of Error No. Six.

### Attorney's Fees

The trial court found a reasonable attorney's fee for the trial of this case to be $7,500.00 and the sum of $3,000.00 for an appeal to this Court and $2,500.00 for applying for or resisting any application for writ of error to the Texas Supreme Court. Having denied the original claim, the trial court did not award any attorney's fees. The Appellant seeks to recover such fees under the provisions of Tex.Civ.Prac. & Rem.Code Ann. § 38.001(1) (Vernon 1986) for rendered services. In reply, the County contends that it is not a "corporation" as that term is used in the statute.

As a general rule, the word "corporation" does not include municipal corporations unless the statute expressly so provides. *State v. Central Power & Light Co.*, 139 Tex. 51, 161 S.W.2d 766 (1942). In interpreting Article 2226, Texas Revised Civil Statutes, the predecessor to Texas Civil Practice and Remedies Code, Section 38.001, it was held that municipal corporations are not corporations under the statute. *Commissioners Court of Houston County v. Rodgers*, 691 S.W.2d 753 (Tex. App.—Tyler 1985, no writ); *City of Austin v. North Austin State Bank*, 631 S.W.2d 564 (Tex.App.—Austin 1982, no writ). Contra, *Wickersham Ford, Inc. v. Orange County*, 701 S.W.2d 344 (Tex.App.—Beaumont 1985, no writ).

Where the county has not timely raised this issue in the trial court, the defense is waived. *Falls County v. Perkins and Cullum*, 798 S.W.2d 868 (Tex.App.—Fort Worth 1990, no writ); *County of El Paso v. Boy's Concessions, Inc.*, 772 S.W.2d 291 (Tex.App.—El Paso 1989, no writ). We sustain Points of Error Nos. Eight through Eleven.

### Conclusion

The judgment of the trial court is reversed, and the case remanded for entry of a judgment in accordance with the opinion of this Court.