**Foye BOMER, Constable Precinct 2, Ector County, Texas, and Jerry Roberts, Constable Precinct 3, Ector County, Texas, Appellants,**

v.

**The ECTOR COUNTY COMMISSIONERS COURT, et al, Appellees.**

No. 08–83–00247–CV.

Court of Appeals of Texas, El Paso.

Aug. 29, 1984.

Rehearing Denied Oct. 17, 1984.

Phillip Godwin, Odessa, for appellants.
· Steven B. Groh, County Atty., Odessa, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a mandamus action. Appellants, both duly elected constables in Ector County, sought a writ of mandamus against the commissioners court and the county judge and commissioners of Ector County to compel them to set a reasonable salary for the office of constable and to provide allocations for expenses, automobile and an office with support facilities. The trial court entered judgment denying the writ. We affirm.

Appellants present three points of error, all of which raise factual sufficiency issues. In their first point of error, Appellants urge that the trial court's finding that the sheriff's office was performing the ser-

vices and duties of the constable's office in relation to process serving necessary for the administration of justice in Ector County is against the great weight and overwhelming preponderance of the evidence. Under such assignment of error, we must review all of the evidence, that which supports the verdict and that which is contrary to the verdict. If we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, then the verdict will be set aside and a new trial granted. *In re King's Estate*, 244 S.W.2d 660 (Tex.1951). The record reflects that the Ector County Sheriff's Department has four deputies, a lieutenant and a secretary in the civil department whose responsibility is to serve civil citations, subpoenae and various other papers and process. The warrant section which handles criminal process also has four deputies. Sheriff's Lieutenant Nina Gray testified that her secretary goes to the different courts, district, county and justice courts, twice a day to pick up papers that need to be served. Sheriff's Deputy Murphy testified that normally an effort to effect service is made the same day the process arrives in the office; that although there is a backlog of 100 to 150 civil papers, the deputies are pretty well able to stay on top of the work and most papers are served in less than a week; that sometimes it is two months before service is effected, but that is due to inability to find the person and not for lack of time. There was evidence that the warrant section has a backlog of approximately 3,000 warrants, but that was three years ago and the witness did not know the present backlog. Manuel Valles, an Ector County Justice of the Peace, testified that his court's arrest warrants were given to the sheriff's office to be served. Appellant Foye Bomer stated that he had only served fifteen papers in the two and one-half years he had been in office and Appellant Jay Roberts testified that he had served no papers during that time. There was testimony from two Odessa attorneys, one saying that service of process was slow at times, but that he really had no complaint about their process

serving. Both said they thought the civil division of the sheriff's office appeared to be undermanned. Considering all of the evidence, we conclude that the point of error should be overruled.

By their second point of error, Appellants assign error in the trial court's findings as to a reasonable salary, expense allowance, office staff, automobile and support facilities, and the necessity therefor, as being against the great weight and preponderance of the evidence. Under this assignment they broadly argue many areas of the case not necessarily related to the assignment, as will our discussion.

■ The case brought by Appellants is not one to collect for work being performed or services being rendered or for such work and services rendered in the past. The record reflects that Ector County had been doing without the constables' services since 1967 when it fixed their salary at $1.00 per year. The Appellants testified they were approached by others to seek the office in 1980 to "restore it." After their election, they were denied salary increases by the Salary Grievance Committee and the commissioners court. In October, 1981, the salary for constable was raised to $20.00 per month, following rendition of the case of *Vondy v. The Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981). That $20.00 per month salary has continued to the time of trial, each Appellant having received some $600.00. Each testified that they had not cashed their checks. Appellants testified that they had not performed their duties as constable in compliance with their oath of office. Article 6885, Tex.Rev. Civ.Stat.Ann. (Vernon 1960) specifies two duties of a constable—serving process and attendance upon sessions of the justice court of the constable's precinct. One Appellant testified he had served no process and attended no session of the justice court in his two and one-half years in office and the other testified that he had not attended any sessions of the justice court during that time and had probably served fifteen processes. They brought this suit asking that the commissioners court be manda-

mused to set a reasonable salary and to provide expenses and facilities. They pled that the commissioners court has a duty to provide the salary and related items, but had refused on the basis that Appellants have performed no work and their duties could be performed by the sheriff's office. Having done no work, they have raised no issue of the reasonableness of their salary. The remaining issue seems to be the question of the wisdom or exercise of discretion by the commissioners court in utilizing the sheriff's department for process serving.

 Under our separation of powers of the three branches of government, the Constitution invests the legislature with the authority to provide for and compensate all public officers and agents where not provided for under the Constitution itself. Tex. Const.art.III, sec.44. The legislature in turn has delegated to the commissioners courts the responsibility of setting the salaries and allowable expenses of county and precinct officials. Art. 3912k, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1983). Because the legislative branch can destroy the ability of the judicial branch to perform its functions by withholding funding, it is held that the judiciary has inherent power to require the legislature to provide essential funding. *Vondy*, supra; *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979). *Vondy* relied on that principle of law to order the commissioners court of Uvalde County to pay a salary to a constable. Said the court:

Tex.R.Civ.P. 103 allows constables to serve process in this state. If these constables are not compensated for their services the judicial process will be impaired because process may not be served. It is the duty of the commissioners court to provide process servers as a necessary part of the proper administration of justice in this state, and to compensate them adequately.

In the case before us, the trial court found that the sheriff's office was performing the services and duties of the constable's office in relation to process serving necessary for the administration of justice in Ector Coun-

ty. The evidence supports that finding and therefore reversal of the trial court's judgment is not proper under the "inherent powers" doctrine. Rule 103 provides that service of process may be made by a sheriff or constable and it appears from this record that the commissioners court of Ector County has not abused its discretion or acted arbitrarily or capriciously in electing to provide process servers through the sheriff's office. However, that action of the commissioners court is subject to review by the district court in the exercise of its general supervisory control over the orders of the commissioners court. Article V, sec. 8, Tex. Const.; Article 1908, Tex. Rev.Civ.Stat.Ann. (Vernon 1964); *Vondy, supra; Grant v. Ammerman*, 437 S.W.2d 547, 550 (Tex.1969). The district court may not substitute its discretion for that of the commissioners court, but the performance of a clear statutory duty which is ministerial and non-discretionary should be mandated by the district court. *Vondy, supra*. Stated otherwise, if the commissioners court of Ector County acted arbitrarily without the exercise of any discretion or clearly abused its discretion, the district court in the exercise of powers above enumerated could have abrogated such action. *Stovall v. Shivers*, 129 Tex.256, 103 S.W.2d 363, (Tex.Comm'n App.1937, opinion adopted); *County Commissioners Court of Dallas County v. Williams*, 638 S.W.2d 218 (Tex.Civ.App.—Eastland 1982), *writ ref'd n.r.e. per curiam*, 655 S.W.2d 206 (1983). To meet the obligation to provide process servers, the commissioners court elected to use the sheriff's office instead of the constables. It elected to budget its money for such services through a viable operating office rather than speculate on new ones to be put into operation in the future. Whatever its reasons, it was an exercise of discretion not shown to be arbitrarily or capriciously done. Their actions are sanctioned by Article 3912i, Tex.Rev. Civ.Stat.Ann. (Vernon 1966) which provides:

The Commissioners Court shall not be required to fix the salaries in all precincts at equal amounts, but shall have

discretion to determine the amount of salaries to be paid each Justice of the Peace and each Constable in the several precincts on an individual basis without regard to the salaries paid in other precincts or to other officials. In arriving at the compensation to be paid the officials governed by the provisions of this Act the Commissioners Courts shall consider the financial condition of their respective counties and the duties and needs of their officials.

Appellant's second point of error is overruled.

Appellants third point relating to attorney's fees is overruled. Under Article 2226, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1983), a party must prevail to be entitled to an award of attorney's fees.

The judgment of the trial court is affirmed.