**The COMMISSIONERS COURT OF HOUSTON COUNTY, Texas, et al., Appellants,**

v.

**Severn RODGERS and Dewayne Newman, Appellees.**

**No. 12–84–0040–CV.**

Court of Appeals of Texas, Tyler.

April 25, 1985.

Herbert L. Morgan and Don Gordon, Dist. Atty., Crockett, for appellants.

William R. Pemberton, Sallas, Meriwether & Pemberton, Crockett, for appellees.

COLLEY, Justice.

Severn Rodgers and Dewayne Newman, duly elected constables of Justice Precincts Nos. 3 and 5 respectively of Houston County, plaintiffs/appellees (Constables), brought suit against the County Judge and the four County Commissioners of Houston County in their official capacities as members of the Houston County Commissioners Court (Commissioners Court), praying for a writ of mandamus compelling the Commissioners Court to set a reasonable salary and provide such constables with reasonable expenses of office, travel expense, etc., as well as attorney's fees. The trial court on February 3, 1984, on the Constables' motion, granted a "partial summary judgment." That order, in pertinent part, reads:

[I]t is, therefore,

ORDERED, ADJUDGED and DECREED that a Writ of Mandamus issue, directing and commanding Defendants, The Commissioners Court of Houston County, Texas ... to forthwith proceed with all reasonable dispatch to set reasonable salaries for the Offices of Constable, Precinct Three of Houston County, Texas and Constable, Precinct Five of Houston County, Texas, for the fiscal year beginning October 1, 1983, and that a Writ of Mandamus issue, directing and commanding said Defendants, and each of them, to forthwith proceed with all reasonable dispatch to set reasonable expense allowances for each said Office for the fiscal year beginning October 1, 1983, the sum of One Dollar ($1.00) per year present total salary and zero expense allowance for each said Office each being

hereby declared to be unreasonable and inadequate as a matter of law. . . .

No attorney's fees were awarded Constables in the partial summary judgment.

On February 17, 1984, the cause was called for trial on the issue of attorney's fees to be allowed Constables in their suit. The evidence on that issue was heard by the court, and on the same date the trial court signed a "final judgment" which simply converted the "partial summary judgment" to a "final summary judgment" and decreed that the Constables were not entitled to an award of attorney's fees in the suit.

Under its first two points the Commissioners Court argues that Article XVI Section 61 of the TEX.CONST., pleaded by Constables as mandating the Commissioners Court to set a reasonable salary for constables, cannot be so construed. The Commissioners Court alleges that TEX. REV.CIV.STAT.ANN. Article 3912k (Vernon Supp.1985)[1] controls the Commissioners Court's duty to fix salaries for county and precinct officers. The Commissioners Court contends that since Article 3912k requires only that the constables' salaries be fixed no "lower than they exist at the effective date of this act,"[2] no showing has been made that the Commissioners Court violated the mandate of such article. Hence the Commissioners Court contends that the trial court lacked jurisdiction to order the issuance of the writ of mandamus. Under its points three and four the Commissioners Court maintains that since the grievance committee approved the Commissioners Court salaries of one dollar per year for each of the Constables, no issue of abuse of discretion by the Commissioners Court exists in the cause since the Commissioners Court follows to the letter the provisions of Article 3912k. Alternatively, the Commissioners Court contends

under its fifth point that the total summary judgment evidence before the court raises the fact issue of whether the one dollar per year salaries were reasonable and precluded the rendition of the partial summary judgment. We affirm the judgment.

We summarize the material facts in this appeal which are undisputed. Rodgers and Newman are the duly elected Constables of Justice Precincts 3 and 5 respectively of Houston County. The salary for each of such offices had been set by the Commissioners Court of Houston County at one dollar per year for many years, including the year 1972. No expense of office such as travel pay, office expenses, etc. has been provided for such offices in the past. The Commissioners Court adopted a budget for its fiscal year beginning October 1, 1983, and ending on September 30, 1984, which set the salaries of the Constables at one dollar and made no provisions for the payment to the Constables of expenses of office and travel pay, etc. Prior to the institution of this suit, Constables, pursuant to the procedures provided by Article 3912k, filed requests for increases in their salaries and funds for expenses of office. The grievance committee rejected these requests by a seven to two vote.

Constables argue that the decision by our Supreme Court in *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981), controls our decision herein. The Commissioners Court attempts to distinguish *Vondy* on the basis that in *Vondy* the Commissioners Court set *no* salary for the plaintiffs therein, while in our case the Commissioners Court set an annual salary of one dollar. The Commissioners Court contends that the one dollar salary is a reasonable salary under the peculiar facts[3] in our case.

In this regard, Commissioners Court during its oral argument before the court cited

---

1. References to Articles herein are to the Texas Revised Civil Statutes Annotated unless otherwise noted.

2. January 1, 1972.

3. The summary judgment evidence before the trial court shows that both constables have full time jobs aside from their office of constable; that the Houston County Sheriff's Department serves all process issued out of Justice Courts in such county.

us to *Bomer v. Ector County Commissioners Court*, 676 S.W.2d 662 (Tex.Civ. App.—El Paso 1984, no writ). In *Bomer*, the El Paso Court affirmed the judgment of the trial court which denied Bomer's and Jerry Wright's petitions for writ of mandamus to compel the Ector County Commissioners Court to set a reasonable salary for them as constables, as well as a reasonable allowance for office and travel expenses. After Bomer and Wright were elected Constables, the salary for such offices was increased from one dollar per year to twenty dollars per month. The El Paso Court, after a review of the evidence presented at trial, overruled the Constables' factual insufficiency points of error. That court also held that under the evidence, the Ector County Commissioners Court did not act arbitrarily or capriciously in setting such salaries. In the exercise of our judicial judgment, we are persuaded that a salary of One Dollar per year is the equivalent of *no salary.* Therefore, we conclude that *Vondy* indeed controls our decision here and that Bomer is inapposite. As we read *Vondy*, the heart of the holding is that Article 16 Section 61 of the Texas Constitution *mandates* that the Houston County Commissioners Court set a *reasonable salary* for the constables. The decision also reaffirms the long-standing interpretation of Article 5 Section 8 of the Texas Constitution that the district court has original mandamus jurisdiction over county officials. *Vondy v. Commissioners Court of Uvalde County, supra* at 109; *see also Grant v. Ammerman*, 437 S.W.2d 547, 550 (Tex.1969); Article 1908 (Vernon 1964).

The Commissioners Court argues under its second point that even if the judgment was proper as to salary, it is not sustainable as to travel expenses and other expenses of office since no constitutional or statutory mandate exists therefor. We disagree. Section 1 of Article 3912k reads, in part, "... the Commissioners Court of each county shall fix the amount of compensation, office expense, *travel expense* .... for county and precinct officers...." Such language makes no distinction between salary or expenses of office and mandates that the Commissioners Courts provide reasonable allowances for such items of expense of office, and we so hold. Points 1 and 2 are overruled.

Commissioners Court argues under its points 3, 4 and 5 that because the Constables sought an increase in salary from the grievance committee and failed, that the salary set by the Commissioners Court was not subject to challenge in the district court on the grounds that the district court abused its discretion in fixing the amounts of the salaries. The commissioners court further contends that the partial summary judgment cannot stand because the summary judgment evidence does not conclusively establish an abuse of discretion on the part of the Commissioners Court in setting the salaries at one dollar, and that in fact a material fact issue exists as to whether or not such salaries were reasonable. We will overrule such points of error for the following reasons. Although the trial judge predicated his partial summary judgment which was incorporated in the final judgment below by finding that the one dollar salaries were unreasonable, we affirm the judgment because the Houston County Commissioners Court failed to set *any* salary for the Constables in dereliction of their duty to do so under the mandate of Article XVI Section 61 of the TEX.CONST. *Vondy v. Commissioners Court of Uvalde County, supra.*

Under the undisputed facts, no material fact issue exists as to whether the Commisioners Court abused its discretion. The trial judge was not required, in the *exercise* of his jurisdiction, to second guess the Commissioners Court on the issue of the reasonableness of the salaries set by the Commissioners Court. The question presented to the trial judge was a law question. The Commissioners argument that the grievance committee decision not to increase the constables' salaries is not reviewable by the court is novel. The Commissioners Court cites us to no authority supporting such contention.

Section 2(f) of Article 3912(k) limits the authority of the grievance committee "to increasing items concerning salaries or personal expenses of county and precinct officers." In this case the committee did not vote to "increase" the salaries of the constables, thus leaving the action of the Commissioners Court undisturbed. The committee made no decision that the one dollar salary was reasonable or unreasonable. Under the unambiguous provisions of the statute, the grievance committee had no authority to "set" salaries of the covered county in precinct officers, "or add new items to a proposed county budget." In any event, since Article 3912k makes no provisions for judicial review of the decisions of the committee, due process requires that judicial review be available of any decision made by the committee. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951); *Fireman's and Policeman's Civil Service Commission v. Kennedy*, 514 S.W.2d 237, 239 (Tex.1974). Points 3, 4 and 5 are overruled.

Constables by cross-point complain of the denial by the trial court of an award to them of a reasonable attorney's fees in this suit. We overrule the cross-point. Article 2226 (Vernon Supp.1985) provides in pertinent part, that "[a]ny person, corporation, partnership or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, ... or suits founded upon a sworn account ... or suits founded on an oral or written contract...." may recover in addition to the amount of the claim asserted and proved, a reasonable attorney's fee. Article 2226 contains a proviso requiring the courts to liberally interprete said article. We conclude that such article does not authorize recovery of attorney's fees in this suit. Constables make a rather tentative argument that the county judge and the county commissioners are persons within the contemplation of Article 2226, and therefore the attorney's fees should have been allowed them. We must reject this argument. These individual officers were sued in their official capacities collectively as the Commissioners Court, the governing body of Houston County. The provisions of Article 2226 do not authorize the recovery of attorney's fees in a suit against counties. A liberal interpretation of such article does not authorize us to expand the meaning of "person" obviously used in said article in accordance with its commonly understood meaning of "an individual human being"[4] to include a county or a commissioners court. The cross-point is overruled.

The judgment is affirmed.

---

4. Webster's Third New International Dictionary 1976 Edition.