

# THE ATTORNEY GENERAL
## OF TEXAS

August 17, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe L. Price
District Attorney
P. O. Box 508
Groveton, Texas   75845

Opinion No.   JM-770

Re:   Authority of a commissioners court to place restrictions upon payment of a constable's salary and office expenses

Dear Mr. Price:

You ask several questions about the county commissioners court's authority and responsibility with regard to fixing the salary for and providing for the expenses of constables.  You ask:

> 1.  Whether the commissioners court may impose a condition upon a duly elected constable for receiving a salary, such as requiring said official to get a petition signed by a specified number of voters in the precinct supporting such salary.

> 2.  Whether the commissioners court may refuse to furnish an office, secretary, and equipment necessary for the operation of the office (or compensation in lieu thereof).

> 3.  Whether all constables' salaries in a county must be equal, or whether such salaries may vary, depending upon case load, population ·of the precinct, geographical area, etc.

> 4.  What does the phrase "reasonable salary" mean?

As will be shown in the discussion to follow, the commissioners court must provide constables with a "reasonable" salary and "reasonable" expenses.

The Texas Constitution mandates that county commissioners courts compensate constables on a salary basis.  Tex. Const. art. XVI, §61. In Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 108 (Tex. 1981), (hereinafter Vondy I) the Texas Supreme Court rejected the argument that this provision requires a salary for constables in

lieu of fees only when the commissioners court decides to compensate the constables. The court held that the constitution mandates providing constables with compensation and that the compensation must take the form of a "reasonable" salary. 620 S.W.2d at 108-09. This basic rule has been applied by several courts of appeal. See Vondy v. Commissioners Court of Uvalde County, 714 S.W.2d 417 (Tex. App. - San Antonio 1986, writ ref'd n.r.e.) (hereinafter Vondy II); Commissioners Court of Houston County v. Rodgers, 691 S.W.2d 753 (Tex. App. - Tyler 1985, no writ); cf. Bomer v. Ector County Commissioners Court, 676 S.W.2d 662 (Tex. App. - El Paso 1984, writ ref'd n.r.e.).

Additionally, section 1 of article 3912k,[1] V.T.C.S., provides:

> Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act. (Emphasis added).

In Commissioners Court of Houston County v. Rodgers, 691 S.W.2d at 756, the court construed this section to require the provision of reasonable expenses for constables. With this holding, the court indicated by implication that section 1 also requires reasonable salaries for constables.

Your first question is whether the commissioners court may require a constable to submit a petition, signed by a specified number of voters in the precinct supporting a salary, as a prerequisite to receiving the salary. Language in Vondy v. Commissioners Court of Uvalde County, 714 S.W.2d 417 (Vondy II) is helpful in resolving your question. In Vondy II the court stated, "The commissioners court cannot attempt to restrict or abolish a constitutionally established office by refusing to reasonably compensate the holder of such office." 714 S.W.2d at 422. Similar considerations apply to the case at hand. The commissioners court cannot escape or condition its constitutional duty to provide constables with a reasonable salary by requiring the constable to submit a petition signed by the voters of

---

1.  Article 3912k has been repealed, effective September 1, 1987. Acts 1987, 70th Leg., ch. 149, §49 (enacting the Local Government Code). Section 1 of article 3912k has been codified, with no substantive change, as sections 152.011 and 152.012 of the new code.

the precinct.  Nothing in article XVI, section 61, or in article 3912k authorizes the imposition of such a condition.

Your second question is essentially whether the county commissioners court may refuse to provide for the expenses necessary to operate the constable's office.  In Vondy I, the Texas Supreme Court did not address the question of expenses.  In Commissioners Court of Houston County v. Rodgers, 691 S.W.2d at 756, however, the court held that section 1 of article 3912k, quoted above, requires commissioners courts to provide for the "reasonable" office and travel expenses of the constables' office.  Additionally, if a commissioners court cannot attempt to abolish a constitutionally established office by refusing to compensate the office-holder, see Vondy II, 714 S.W.2d at 422, it follows that the commissioners court cannot do the same thing by refusing to provide for the office's expenses.  The court in Rodgers did not elucidate what expenses would be "reasonable."  What constitutes "reasonable" expenses is a question of fact within the discretion of the commissioners court.  In Attorney General Opinion H-992 (1977), the attorney general determined that the amount allowed must be reasonably related to expenses actually incurred in performing duties.

Your third and fourth questions are related.  You seek clarification of what amount constitutes a "reasonable" salary and ask whether all constables' salaries in the county must be equal or whether they may vary with the different circumstances in each precinct.  In Attorney General Opinion H-429 (1974), the attorney general determined that the commissioners court may reasonably prescribe different salaries for the constables of separate county precincts. . This decision must be read, however, in light of the Texas Supreme Court's holding in Vondy I (requiring a "reasonable" salary) and the cases that applied Vondy I.  Consequently, the commissioners court may provide for different salaries for constables depending upon the circumstances in each precinct if the circumstances reasonably require different salaries and if each salary is in itself reasonable.  The circumstances that may properly be considered relate to what constitutes a reasonable salary.

The amount that constitutes a reasonable salary is a fact question within the discretion of the county commissioners court.  See Vondy II, 714 S.W.2d at 422.  The commissioners court's determination regarding the reasonableness of constables' salaries will be disturbed only when the commissioners court clearly abuses its discretion.  714 S.W.2d at 420.  If the commissioners court attempts to restrict or abolish the constables' offices by fixing an extremely low salary, however, the courts will find an abuse of discretion.  See Vondy II, 714 S.W.2d at 422; cf. Bomer v. Ector County Commissioners Court, 676 S.W.2d 662.  Accordingly, this opinion does not address what amount constitutes a reasonable salary; it describes what factors may be

considered by the commissioners court in arriving at a reasonable amount.

Although Texas courts considering the issue agree that county commissioners courts must provide constables with a reasonable salary and expenses, there exists controversy as to what circumstances may be considered in determining what constitutes a reasonable salary. In Bomer v. Ector County Commissioners Court, 676 S.W.2d 662, the court addressed a challenge to the reasonableness of a $20 per month salary. The challenge arose from a situation where the sheriff's office had performed the constables' duties. Because the constables had not actually performed any of their duties, the court held that "[h]aving done no work, they have raised no issue of the reasonableness of their salary." 676 S.W.2d at 665. The court did not, however, directly question the basic premise that the commissioners court must provide a reasonable salary.

Two other courts of appeals addressed the reasonableness of extremely low salaries in similar situations. In Commissioners Court of Houston County v. Rodgers, 691 S.W.2d 753, the commissioners court argued that because all process issued out of the sheriff's office, a salary of one dollar per year was a reasonable salary. The court rejected the argument, holding that "a salary of One Dollar per year is the equivalent of no salary." 691 S.W.2d at 756 (emphasis in original). The court found the Bomer case "inapposite." Id. In Vondy II, 714 S.W.2d 417, the court addressed a constable's challenge that a salary of $40 per month was not reasonable. The court found this salary unreasonable as a matter of law because the salary translated to 20¢ per hour for duties actually performed by the constable. 714 S.W.2d at 421. The court found that the commissioners court's primary reason for fixing such a low salary was a perceived lack of need for the constable's services because his duties were performed by others. 714 S.W.2d at 422. The court noted that the commissioners court cannot attempt to restrict or abolish the constable's office by refusing to consider what would be a reasonable salary. Id. The court distinguished the Bomer case on the ground that the constable in Bomer had not actually performed the duties of his office. Id.

Despite the careful distinguishing of Bomer engaged in by the courts in Rodgers and Vondy II, some clarification of the impact of Bomer is necessary. The commissioners court clearly cannot "wait" until the constable actually performs his duties before fixing a reasonable salary. The Texas Supreme Court's decision in Vondy I does not support the imposition of a condition that the constable perform his duties without compensation prior to the commissioners court fixing a reasonable salary. Additionally, whether another office is performing the constables' duties cannot be dispositive as to what constitutes a reasonable salary for the constable because the constable has a responsibility, imposed by law, to perform certain

duties.  See Vondy II, 714 S.W.2d at 422.  By distinguishing Bomer rather than rejecting it, the Vondy II and Rodgers courts leave it unclear whether the fact that another county officer is performing the constables' duties may be considered at all in determining what constitutes a reasonable salary for the constable.

Several other factors, however, clearly may be considered in determining what constitutes a reasonable salary.  The salaries of other constables may be evidence of what constitutes a reasonable salary.  See Vondy II, 714 S.W.2d at 421.  The number and nature of the duties imposed on the constable by statute are highly relevant to the salary necessary to the performance of those duties.  See id. Additionally, the factors you mention with regard to different salaries in different precincts, i.e., caseload, population, and geographical area, may also be considered.

Finally, you should note that section 1 of article 3912k provides that "in no event shall such salaries be set lower than they exist at the effective date of this Act."  Accordingly, the commissioners court must provide constables with at least the salaries provided to constables on January 1, 1972.  Attorney General Opinion H-39 (1973); see also Broom v. Tyler County Commissioners Court, 560 S.W.2d 435 (Tex. Civ. App. – Beaumont 1977, no writ); Attorney General Opinion H-572 (1975).  Additionally, article 3912i[2] specifies maximum salaries for constables in counties of a certain population.  In Vondy II, 714 S.W.2d at 422, the court stated that the commissioners court may consider these maximums in determining what constitutes a reasonable salary.

## S U M M A R Y

The Texas Constitution, article XVI, section 61, requires county commissioners courts to provide constables with compensation and to provide that compensation in the form of a "reasonable" salary.  The commissioners court must also provide for the reasonable expenses incurred by constables in the performance of their duties.  Commissioners courts may prescribe different salaries for the constables of different precincts if the circumstances in each precinct reasonably require different salaries and each salary is in itself

---

2.  Article 3912i has been repealed, effective September 1, 1987.  Acts 1987, 70th Leg., ch. 149, §49 (enacting the Local Government Code).  Additionally, article 3912k repealed in part article 3912i.  See Attorney General Opinion H-572 (1975).

reasonable. What constitutes a reasonable salary is a question of fact within the discretion of the commissioners court. The commissioners court may not, however, attempt to restrict or abolish a constable's office by fixing an extremely low salary or by refusing to provide reasonable expenses related to the performance of the constable's duties.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General