**BASE–SEAL, INC., Appellant,**

v.

**JEFFERSON COUNTY, TEXAS, Appellee.**

No. 09–93–344 CV.

Court of Appeals of Texas, Beaumont.

June 22, 1995.

Rehearing Overruled July 13, 1995.

Thomas J. Sibley, Beaumont, for appellant.

Tom Maness, Dist. Atty., Thomas F. Rugg, Asst. Dist. Atty., Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Jefferson County received road surfacing stabilizer worth $8,371 from Base–Seal, Inc., but rejected the invoices for noncompliance with the County Purchasing Act[1]. Base–Seal sued the County on alternative theories of contract and quantum meruit. Following trial on stipulated facts, Base–Seal recovered a judgment in quantum meruit against Jefferson County. Base–Seal raises two points of error.

Point of error one contends that the trial court abused its discretion by denying any recovery for attorney fees and urges that under Texas statutes and case law the appellee, Jefferson County, is liable for attorney's fees. Point of error two avers that the trial court abused its discretion in failing to award prejudgment interest, because under Texas statutes and case law appellant should recover prejudgment interest on its implied contract and quantum meruit judgment. We hold that Jefferson County is not liable for attorney's fees or prejudgment interest; we, therefore, overrule appellant's points of error one and two and affirm the trial court's denial of appellant Base–Seal's request for attorney's fees and prejudgment interest.

Base–Seal argues in point of error one that an award of attorney's fees in a quantum meruit action is authorized by TEX. CIV.PRAC. & REM.CODE ANN. § 38.001(3) (Vernon 1986). Citing this Court's earlier opinion in *Wickersham Ford, Inc. v. Orange County,* 701 S.W.2d 344 (Tex.App.—Beaumont 1985, no writ), appellant further contends that it can recover attorney's fees in a quantum meruit action against a county, because a county is a corporation under § 38.001 and, pursuant to the language of the statute, falls within the two classes of those against whom attorney's fees may be recovered.

The general rule in Texas regarding attorney's fees is that each litigant must compensate his own attorney. *Turner v. Turner,* 385 S.W.2d 230, 233 (Tex.1964). Recovery of attorney's fees from an opposing party is allowed, however, when a statute or

a contract between the parties authorizes such recovery. *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914, 915 (Tex.1967).

The problem for appellant in the instant case is the lack of a contract or statute authorizing recovery of attorney's fees. As reflected by the express language in the judgment, there was no valid contract between Jefferson County and Base–Seal for the purchase of the road surfacing stabilizer. Therefore, no attorney's fees can be recovered on the basis of contract. As to authorization by statute, Base–Seal alleges that it is entitled to attorney's fees under TEX.CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986), as well as under TEX.REV.CIV.STAT. ANN. art. 601f § 10 (Vernon Supp.1993) (repealed by Acts 1993, 73rd Leg., ch. 268, § 46(1), codified as TEX.GOV'T CODE ANN. § 2251.043 (Vernon Supp.1995).

Art. 601f § 10, however, does not provide statutory authorization for recovery of attorney's fees by Base–Seal, since Art. 601f § 10 depends upon the existence of a contract between the county and Base–Seal. Since no contract exists, attorney's fees cannot be awarded pursuant to Art. 601f § 10.

The other statutory basis alleged by Base–Seal for an award of attorney's fees is § 38.001, the general attorney's fee statute. Section 38.001 allows for recovery of attorney's fees in a quantum meruit action where the claim is for materials furnished. *Olivares v. Porter Poultry & Egg Co.,* 523 S.W.2d 726 (Tex.Civ.App.—San Antonio 1975, no writ). Since the instant case is based upon a quantum meruit claim, it falls within the subject matter confines of § 38.001.

The question then arises as to whether § 38.001 authorizes recovery of attorney's fees against a county. Section 38.001 does not mention a county or the state; it does, however, specifically provide that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for … furnished material…." The wording in § 38.001 represents a change

---

1. TEX.LOCAL GOV'T CODE ANN. § 262.001–.035 (Vernon 1988 & Supp.1995).

from the wording of TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985) (repealed 1986), the predecessor of § 38.001. Art. 2226 provided as follows:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished ... may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees....

The legislature repealed Art. 2226, codified the attorney's fee statute in § 38.001 of the Texas Civil Practices and Remedies Code, and changed the wording used to specify the classifications of those entitled to recover attorney's fees, as well as those against whom attorney's fees can be recovered.

■ Pertinent to this case is the change in the wording which identifies those *against* whom attorney's fees can be recovered. The phrase "person or corporation" in Art. 2226 was changed to "individual or corporation" in § 38.001. The effect of the change is to specify more clearly the classifications of those against whom attorney's fees may be recovered. The classifications of "individual or corporation" do not include a county, since a county is neither an individual (human being) nor a corporation, but is, instead, a political subdivision of the state.

In a well-reasoned opinion, the court in *Lake LBJ Mun. Utility Dist. v. Coulson*, 839 S.W.2d 880 (Tex.App.—Austin 1992, no writ), discusses at length the change in terminology in § 38.001 and concludes that a county is neither an individual nor a corporation. The opinion cites the revisor's note to TEX.CIV. PRAC. & REM.CODE ANN. § 38.001, which points out the reason for the change in wording in the statute:

(1) The revised law omits the source law reference [Art. 2226] to a "corporation, partnership, or other legal entity" in the description of a *claimant* because the Code Construction Act (V.A.C.S. Article 5429b-

2) includes those entities in the definition of "person."

(2) The revised law does not use "person" in the reference to an *opposing party* because the Code Construction Act definition of "person" is broader than the source law [Art. 2226] meaning of the term. (emphasis added)

As the note makes clear, § 38.001 makes a distinction between the classes of those allowed to recover attorney's fees and those made liable for attorney's fees. The wording used to specify the claimants of attorney's fees is changed from "corporation, partnerships, or other legal entities," to the word "person." The reason for the change regarding *claimants* of attorney's fees is clarity and economy of language, since the term "person," as defined in the Code Construction Act, includes those entities. TEX.GOV'T CODE ANN. § 311.005(2) (Vernon 1988) (formerly TEX.REV.CIV.STAT.ANN. art. 5429b–2).

Because of the broadness of the definition of "person" in the Code Construction Act, the drafters of § 38.001 chose not to use "person" to identify those *against* whom attorney's fees may be recovered. "Person" in the Code Construction Act includes not only "corporations, partnerships, or other legal entities"; it also includes a "government or governmental subdivision or agency." The conclusion in number 2 of the Revisor's Note, as quoted above, is that the meaning of "person" in the Code Construction Act is broader than the meaning of "person" in art. 2226. To retain the more restrictive meaning, the legislature changed the terminology used to describe those liable for attorney's fees under § 38.001 from "person or corporation" to "individual or corporation." The change in wording from "person" to "individual" signifies that the classification in § 38.001 is intended to restrict the term "person" to an individual human being, thereby precluding the inclusion of governmental entities among those against whom a party can recover attorney's fees. *Lake LBJ Mun. Utility Dist. v. Coulson*, 839 S.W.2d at 890–891. When one factors in the word changes in § 38.001, along with the definition of "person" in the Code Construction Act, it is apparent that Jefferson County is not an individual under

§ 38.001. Neither is Jefferson County a corporation under the ordinary meaning of the term, as used in § 38.001. *Lake LBJ Mun. Utility Dist. v. Coulson,* 839 S.W.2d at 890–891; *State v. Bodisch,* 775 S.W.2d 73, 74–75 (Tex.App.—Austin 1989, writ denied); *Washington v. Walker County,* 708 S.W.2d 493, 497–498 (Tex.App.—Houston [1st Dist.] 1986, ref.n.r.e.); *Commissioners Court v. Rodgers,* 691 S.W.2d 753, 757 (Tex.App.—Tyler 1985, no writ). A county is a political subdivision of the State; as such, it is neither an individual nor a corporation.

In so holding, we decline to follow this Court's decision in *Wickersham Ford, Inc. v. Orange County,* 701 S.W.2d 344 (Tex.App.—Beaumont 1985, no writ), which found Orange County to be both a person and a corporation under Art. 2226. The effect of the legislature's use of limiting language in § 38.001 is to preclude recovery of attorney's fees against a county, since a county is neither an individual nor a corporation.

The instant case is to be distinguished from the recent decision in *Texas Educ. Agency v. Leeper,* 893 S.W.2d 432 (Tex.1994), in which the Texas Supreme Court upheld an award of attorney's fees in a declaratory judgment action against a state agency. The Supreme Court in that case settled the controversy between the courts of appeals regarding governmental immunity from liability for attorney's fees under the Uniform Declaratory Judgments Act ("Act") by expressly holding that the "Act" waives governmental immunity for attorney's fees. The provision in the "Act" authorizing attorney's fees provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). The only limitations on the recovery of attorney's fees are the following: the award must be based on a "proceeding under this chapter" and the attorney's fees must be "reasonable and necessary." The Supreme Court reasoned that since the "Act" is a vehicle for construing the legislative enactments of governmental entities, and since it authorizes awards of attorney's fees and does not include any limiting language regarding who may claim, or who is liable for, attorney fees, the "Act" waives governmental immunity for such awards. The non-restrictive language in the attorney's fee section and the use of the "Act" as a vehicle to construe statutes provided the Supreme Court with the necessary statutory authority to make the determination that the "Act" waives governmental immunity for such awards.

■ Unlike *Leeper,* however, the instant case should not be decided on the basis of governmental immunity. If the case were to require a governmental immunity analysis, the county would, indeed, be liable for attorney's fees, because, as appellant points out, the county failed to plead governmental immunity as an affirmative defense. The outcome of the instant case, instead, hinges upon the language in § 38.001. Counties simply do not fall within the statute's enumerated classes against whom attorney's fees can be recovered. In *Texas Employment Com'n v. Camarena,* 710 S.W.2d 665, 670 (Tex.App.—Austin 1986) *aff'd in part, rev'd in part, Camarena v. Texas Employment Com'n,* 754 S.W.2d 149 (Tex.1988), the court stated that:

Whether the doctrine of governmental immunity is involved or not, a fundamental rule of Texas jurisprudence governs the award of attorneys fees: they may not be awarded unless prescribed by statute for the particular kind of case or by an agreement between the parties.

*Texas Employment Com'n v. Camarena,* 710 S.W.2d at 670.

In *Camarena v. Texas Employment Com'n,* 754 S.W.2d 149, 152, the Supreme Court did find specific statutory authority for recovery of attorney's fees under TEX.CIV. PRAC. & REM.CODE ANN. §§ 106.001, 106.002 (Vernon 1986). In the instant case, there is no statutory authority by which Base–Seal may recover attorney's fees against Jefferson County.

■ Base–Seal correctly points out that Jefferson County failed to plead the affirmative defense of sovereign immunity and correctly states that in failing to plead that defense, Jefferson County waived it. *Davis v. City of San Antonio,* 752 S.W.2d 518, 519

(Tex.1988). However, the defense of sovereign immunity is not required to prevent an award of attorney's fees against the county. As a matter of law, the county is not liable for attorney's fees under § 38.001, because the restrictive language naming the classes against whom attorney's fees can be recovered does not so permit. There is no statutory basis for recovery of attorney's fees against counties in § 38.001.

For the reasons discussed above, we overrule point of error one and hold the trial court correctly denied the award of attorney's fees to appellant Base–Seal.

■■■■ Appellant Base–Seal brings forward a second point of error alleging the trial court's abuse of discretion in denying appellant prejudgment interest. Prejudgment interest is recoverable in a suit on quantum meruit, provided the measure of recovery is fixed by the conditions existing at the time the injury is inflicted. However, prejudgment interest is not warranted in the instant case. The county was precluded as a matter of law from paying Base–Seal's claim, because Base–Seal had failed to comply with the requirements of the County Purchasing Act. Consequently, the county should not be required to pay prejudgment interest on a claim that it could not pay as a matter of law. As the Texarkana court has stated, persons or entities contracting with governmental units are charged by law with notice of the limits of the authority of the governmental unit and are bound at their peril to ascertain if the contemplated contract is properly authorized. *City of Bonham v. Southwest Sanitation, Inc.*, 871 S.W.2d 765, 767 (Tex. App.—Texarkana 1994, writ denied). Base–Seal should not be rewarded for its own failure to comply with the law and, correspondingly, Jefferson County should not be penalized for having followed the requirements of law. Prejudgment interest should not be awarded. Point of error number two is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. Although the majority does not use the word "overrule", that is what they do when they "decline to follow" this Court's decision in *Wickersham Ford, Inc. v. Orange County,* 701 S.W.2d 344 (Tex. App.—Beaumont 1985, no writ). Being the lone remaining member of the court that decided *Wickersham Ford,* I would continue to follow it.

As the majority correctly notes, prejudgment interest is recoverable in a suit on quantum meruit, provided the measure of recovery is fixed by the conditions existing at the time the injury is inflicted. *City of Ingleside v. Stewart,* 554 S.W.2d 939, 946–947 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). However, the majority then relies upon a contract case from the Texarkana Court as support for the refusal to allow prejudgment interest. The majority faults Base–Seal for "its own failure to comply with the law" yet completely absolves Jefferson County concerning the transaction and ignores the fact that Base–Seal offered to issue a credit if Jefferson County would return nine unused 55–gallon drums. Therefore, from an equitable analysis, neither party ultimately had entirely "clean hands"; yet at the time of the transaction both parties believed it to be proper. It was undisputed that Jefferson County had taken Base–Seal's product and used it. In August 1988 Jefferson County knew it was not going to pay for the materials. Base–Seal filed suit in late August 1989 and Jefferson County plead a general denial in September 1989. It was not until October 1992 that Jefferson County filed an amended answer admitting it had received Base–Seal's material worth $8,371.00, yet still claiming nothing was owed. Finally in October 1993 Base–Seal received a judgment for the materials; which Jefferson County did not appeal. If anyone is being penalized in this matter it is Base–Seal. Jefferson County, having taken and used the material *could have and should have* confessed judgment on the quantum meruit issue at the earliest practical time (September or October 1989) and left the attorneys fees and prejudgment interest issues for appeal. If equities are to be

weighed, they weigh so heavily in Base–Seal's favor, the failure to award prejudgment interest amounts to an abuse of discretion. The legal rate of interest is the appropriate measure for prejudgment interest on a claim in quantum meruit. *Davidson v. Clearman*, 391 S.W.2d 48, 51 (Tex.1965). *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987). I would reform the judgment to include $2,833.98 attorney fees, and also to include $2,771.12 prejudgment interest. Because the majority fails to do so, I must respectfully dissent.