

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 25, 2007

The Honorable Rex Emerson
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. GA-0503

Re: Whether a county commissioners court may delegate nonstatutorily assigned duties to other elected county officials (RQ-0504-GA)

Dear Mr. Emerson:

You ask whether a county commissioners court may delegate nonstatutorily assigned duties to other elected county officials.[1]

In 1992 the Kerr County Commissioners Court approved an order designating the Kerr County Treasurer as the county personnel officer.[2] The order assigned several duties to the personnel officer:

> [The] Personnel Officer shall be required to and shall have the responsibility of keeping and maintaining . . . personnel files of each county employee, as required by the Court or the personnel rules[,] assisting in the administration of the Kerr County Personnel Policies, preparing reports and documentation required by state and federal agencies regarding personnel matters, maintaining time records, monitoring accumulations of vacation, sick leave, and overtime, administering the benefits programs, and working with the County Auditor in matters of accounting and compensation. The County Personnel Officer shall assist Elected Officials, Department Heads, and Supervisors in personnel matters and shall make such reports to the Commissioners[] Court as may be requested by the Court.

Kerr County Commissioners Court, Order No. 21189: Appointment of Barbara Nemec as County Personnel Officer (Nov. 23, 1992), attached to Tinley Brief, *supra* note 2.

---

[1]*See* Letter from Honorable Rex Emerson, Kerr County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 28, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Letter from Honorable Pat Tinley, Kerr County Judge, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Aug. 2, 2006) (on file with the Opinion Committee) [hereinafter Tinley Brief].

The treasurer served as county personnel officer until June 12, 2006, when she informed the commissioners court that she "would no longer perform the human resource functions, citing a lack of staff and/or financial resources." Tinley Brief, *supra* note 2, at 1; *see* Memorandum to Kerr County Judge Pat Tinley *et al.* from Barbara Nemec, Kerr County Treasurer (June 12, 2006), attached to Tinley Brief, *supra* note 2. The county judge asserts that the commissioners court has implied power to assign to an officer of the commissioners court's choosing duties and functions that are not assigned by law to a specific officer. Brief attached to Request Letter, *supra* note 1, at 1. The county judge further asserts that the treasurer may not unilaterally decline to perform tasks that the commissioners court has delegated to her office. *Id.* And because the commissioners court intends to review several elected county officials' job descriptions, you believe the issue may arise with respect to officers other than the treasurer. *See id.*

Under article V, section 18(b) of the Texas Constitution, a county commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State." TEX. CONST. art. V, § 18(b). As the Texas Supreme Court said in a 1997 case, *Commissioners Court of Titus County v. Agan*, a commissioners court is "the county's principal governing body." *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997). Nevertheless, article V, section 18(b) does not provide a commissioners court with "general and all-inclusive" jurisdiction over county business; rather, a commissioners court's jurisdiction "is limited to such as is specifically conferred by the Constitution and statutes." *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); *accord Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Where the law confers a right or obligation on a commissioners court, "it has implied authority to exercise a broad discretion to accomplish the purposes intended." *Anderson*, 152 S.W.2d at 1085. Moreover, while the commissioners court "cannot take core functions" from an elected county official, it may delegate to an "appropriate county official" a function that the Legislature has not exclusively assigned to a particular county official. *Agan*, 940 S.W.2d at 80–81; *accord* Tex. Att'y Gen. Op. Nos. GA-0277 (2004) at 3, DM-440 (1997) at 7. A "core function" is a duty that has been expressly assigned to a particular office by the constitution or statutes. *See Agan*, 940 S.W.2d at 80–82; *accord* Tex. Att'y Gen. Op. No. JC-0176 (2000) at 1.

*Agan* is helpful in analyzing the issue you raise. In *Agan* the court considered whether the Titus County Commissioners Court "may divest the County Treasurer of payroll preparation responsibilities and transfer those responsibilities to the County Auditor." *Agan*, 940 S.W.2d at 78. Specifically, the Titus County Commissioners Court had transferred from the treasurer's office to the auditor's office the following duties:

> (1) collecting timesheets from all county departments, entering timesheet data into the county computer system to generate payroll deductions for FIT, FICA, Medicare, insurance, retirement, and child support payments; (2) making FIT deposits with bank; (3) making child support deposits with appropriate offices; (4) depositing payroll funds; (5) paying insurance premiums; (6) preparing insurance claims; (7) wiring payments to third party administrators; (8) answering questions about insurance claims or payments; (9)

> preparing and transmitting W-2's and 1099's; and (10) preparing payroll checks.

*Id.* at 79. The court suggests that the transferred duties are of two types: payroll preparation duties as typified by the duties numbered (1), (6), (8), (9), and (10) and the disbursement of county funds as typified by the duties numbered (2), (3), (4), (5), and (7). *See id.* at 81–82.

After outlining the commissioners court's jurisdiction, the *Agan* court examined the treasurer's core duties or functions. *See id.* at 80. Article XVI, section 44(a) of the Texas Constitution, which establishes the county treasurer's office, gives the Legislature the responsibility to prescribe the treasurer's duties. *See id.; see also* TEX. CONST. art. XVI, § 44(a). Under chapter 113 of the Local Government Code, wherein the Legislature established the county treasurer's duties, the county treasurer is the "chief custodian of county funds." *Agan*, 940 S.W.2d at 80 (quoting TEX. LOC. GOV'T CODE ANN. § 113.001). The court lists the treasurer's core functions, derived directly from chapter 113:

- The treasurer is required to keep county funds "in a designated depository and . . . account for all money belonging to the county." *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 113.001).

- The county treasurer must "keep an account of" all money received, all expenditures of county funds, and all debts owed by the county. *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 113.002).

- The treasurer must "keep accurate, detailed accounts of all the transactions of the treasurer's office." *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 113.002).

- The treasurer "shall receive all money belonging to the county." *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 113.003).

- The treasurer must disburse county money and "pay and apply the money as required by law and as the commissioners court may require or direct, not inconsistent with law." *Id.* (quoting TEX. LOC. GOV'T CODE ANN. § 113.041(a)).

As *Agan* makes clear, the commissioners court cannot take these core functions from the county treasurer. *Id.* On the other hand, the court recognized that the law does not expressly assign certain functions that a county may find necessary to perform. *See id.* at 81. In such a case, the county commissioners court has, within its legislative powers, "broad discretion" in assigning the function to an appropriate county official. *Id.*

The *Agan* court found that neither the Texas Constitution nor statutes have specifically designated the county office that is to perform payroll preparation duties. *Id.* Because payroll preparation responsibilities have not been assigned by law, according to *Agan*, "the Commissioners

Court acting in its legislative capacity may delegate the responsibilities to an appropriate county official." *Id.* And the court found that the county auditor is an "appropriate county official" to perform payroll preparation duties because the auditor has statutory authority to perform the clerical functions associated with those duties. *Id.* On the other hand, the *Agan* court determined that those duties that involve disbursing county funds are core functions of the county treasurer that the county commissioners court may not reassign. *See id.* at 82.

You suggest that *Agan* does not apply here because the county treasurer is an elected official, as opposed to the appointed county auditor to whom the Titus County Commissioners Court had delegated duties in that case. *See* Brief attached to Request Letter, *supra* note 1, at 3–4. *Agan* does not suggest, however, that the initial delegation to the county treasurer, an elected officer who wanted to perform the duties, was improper. *See generally Agan*, 940 S.W.2d at 79–82.

In answer to your question we conclude, consistently with *Agan*, that a commissioners court has authority to delegate to an appropriate elected county official duties that are not expressly assigned by the constitution or statutes. *See* Brief attached to Request Letter, *supra* note 1, at 1. And, applying the *Agan* analysis to determine whether a commissioners court may delegate the personnel duties described in the 1992 order to the county treasurer, we first find no constitutional or statutory provisions that expressly delegate such duties to the treasurer. *See* Kerr County Commissioners Court, Order No. 21189: Appointment of Barbara Nemec as County Personnel Officer (Nov. 23, 1992), attached to Tinley Brief, *supra* note 2. Consequently, none of the personnel duties at issue are within the treasurer's core functions. *Cf. Agan*, 940 S.W.2d at 80 (enumerating county treasurer's core functions).

Assuming, therefore, that the duties are not within another county officer's core functions—and you do not suggest that they are—the commissioners court may delegate the functions to the treasurer if the commissioners court finds the treasurer to be an appropriate official. *See id.* Whether a particular county officer is an appropriate county official to whom the commissioners court may delegate certain tasks is a question of fact that the commissioners court must determine in the first instance. *Cf.* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process."). The commissioners court's determination is subject to judicial review. *Cf.* TEX. CONST. art. V, § 8 (giving the district court "general supervisory control" over the county commissioners court); *Bomer v. Ector County Comm'rs Court*, 676 S.W.2d 662, 665 (Tex. App.—El Paso 1984, writ ref'd n.r.e.) (stating that a commissioners court's action "is subject to review by the district court in the exercise of" its constitutional authority). Although the commissioners court may delegate unassigned duties to an appropriate county officer such as the county treasurer, the commissioners court's authority to require the treasurer to perform delegated duties is limited to its authority over the budget. *Cf.* Tex. Att'y Gen. Op. No. GA-0322 (2005) at 2 ("Only through [its] budget power is the commissioners court able to influence the actions of other elected officials.").

Further, the commissioners court may not, by assigning noncore functions to a particular constitutionally established office, restrict or prevent the officer's ability to perform core functions. *Cf. Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417, 422 (Tex. App.—San Antonio

1986, writ ref'd n.r.e.) (stating that a commissioners court cannot restrict or abolish a constitutionally established office by refusing to reasonably compensate the office holder or by preventing the office holder from performing required duties). It is possible that in particular circumstances a commissioners court might assign so many noncore duties to an officer without sufficient financial support that the officer cannot adequately perform the office's core functions. Whether this has happened in this or any other case is a question of fact that cannot be resolved in the opinion process. *Cf.* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process.").

# S U M M A R Y

A commissioners court may delegate duties that are not assigned by the constitution or statutes to an elected county official whom the commissioners court determines is appropriate. But the commissioners court's authority to require the officer to perform the delegated duties is limited to its authority over county budgeting. And the county commissioners court cannot, in delegating noncore duties to an official, impair the official's ability to perform the office's core duties.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee