United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-51632
Summary Calendar

In the Matter of: DONNA RAE GIBBONS-MARKEY

Debtor

DONNA RAE GIBBONS-MARKEY,

Appellee,

v.

TEXAS MEDICAL LIABILITY TRUST,

Appellant

Appeal from the United States District Court for the
Western District of Texas, San Antonio
No. 5:04-CV-231

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Texas Medical Liability Trust ("TMLT") challenges the district

court's award of attorney's fees to Donna Rae Gibbons-Markey. TMLT

argues that the district court erred in finding that TMLT waived

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

its argument under the Texas Insurance Code, and that the court abused its discretion in awarding attorney's fees. We affirm.[1]

Appellee Donna Rae Gibbons-Markey sued TMLT in state court for a breach of its duty to defend her in a medical malpractice case. The case was removed to bankruptcy court after Gibbons-Markey filed Chapter 7 bankruptcy. After a bench trial, the bankruptcy court entered a take-nothing judgment in favor of TMLT, which the district court affirmed on appeal. This Court subsequently reversed and remanded the case to the district court to determine attorney's fees. In November 2006, the district court entered an order granting in part Gibbons-Markey's motion to determine attorney's fees, awarding her $44,493 in damages and attorney's fees and costs expended in the medical malpractice case, subject to 8.25% prejudgment simple interest, accruing from September 30, 1999; $8,400 in attorney's fees for the bankruptcy proceedings; $28,500 in attorney's fees for appealing the bankruptcy decision to both the district court and Fifth Circuit; and $255 in filing fees. TMLT appeals.

We review findings of fact for clear error and legal conclusions *de novo*. *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999). We review a district court's award of attorney's fees for

---

[1]Appellant also requests that we certify the question of whether a trust may be subject to an award of attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001 to the Texas Supreme Court. We DENY that request.

abuse of discretion. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

On remand to the district court, TMLT argued for the first time that Tex. Civ. Prac. & Rem. Code § 38.001 and Tex. Ins. Code Art. 21.49-4 preclude any award of attorney's fees incurred during the bankruptcy proceedings. Section 38.001 states: "A person may recover reasonable attorney's fees from an individual or corporation . . . if the claim is for . . . an oral or written contract." TMLT argues that it is neither an individual nor corporation, but instead a trust organized pursuant to Tex. Ins. Code. Art. 21.49.4, which allows physicians to self-insure, and is therefore immune from attorney's fees pursuant to Section 38.001. The district court found that TMLT had waived this argument by not raising it earlier, and we agree.

TMLT argues that it was not required to plead or otherwise argue the inapplicability of section 38.001 until the case was remanded for an award of attorney's fees because, as a matter of law, the section does not provide for such an award. *See Base-Seal, Inc. v. Jefferson County*, 901 S.W.2d 783, 787–88 (Tex. App.-Beaumont 1995)(holding that the county is not liable for attorney's fees under § 38.001 despite the county's failure to plead the defense of sovereign immunity). At first blush, this argument makes some sense: if the statute simply does not provide for an award of attorney's fees against a trust, as TMLT suggests, then failing to raise that argument earlier does not now enable

3

that statute to provide for such an award. This distinction, however, is immaterial.

The Texas Supreme Court has noted, "[t]he general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee." *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006)(citations omitted). As the district court noted, had that been done in this case, then the action against the trustees of TMLT *would* constitute an action against an individual. TMLT's failure to assert this argument during the bankruptcy trial potentially caused Gibbons-Markey not to join any trustee in that proceeding. By failing to do so, TMLT effectively waived the right to argue that the Trust is now excluded from the award of attorney's fees. Moreover, as the district court noted, the Texas legislature clearly and unequivocally exempted self-insured medical liability trusts from other provisions of the insurance code, *see* Tex. Ins. Code Art. 21.49-4(e), and would have likely done so with regard to section 38.001 had that been its intent. Given that the Texas legislature and Texas courts have not directly addressed whether attorney's fees can be awarded against a trust under section 38.001, this Court will not further exempt TMLT from liability.[2]

_____

[2]Additionally, it has long been Texas law that an insuring entity is liable for the attorney's fees incurred by an insured in a breach of contract action. *See American Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 492-93 (5th Cir. 2004).

Turning to TMLT's argument that the district court abused its discretion in awarding attorney's fees, we will not set aside the district court's findings when they are supported by substantial evidence unless, after a review of the record as a whole, we are left with the unyielding belief that a mistake has been made. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 670 (5th Cir. 2000). TMLT argues that Gibbons-Markey failed to produce substantial evidence supporting the fees, but we find otherwise. In determining the amount of the award, the district court considered various sources, including affidavits, and reduced the amount of fees sought by Gibbons-Markey by more than fifty percent. We conclude that the district court's findings were supported by substantial evidence and that it did not abuse its discretion in determining the award.

For the foregoing reasons, we AFFIRM the district court.